Stimpson Computing Scale Co. *v.* George Schetrompf & Sons, Appellant.

*Contract—Bailment—Delivery—Damages—Action.*

Where a contract to which is superadded an executory agreement of sale, is between the parties unquestionably a bailment, the bailor cannot recover the value of the article in question when the affidavit of defense sets up that the defendant countermanded the alleged order, because of fraudulent representations before shipment, and never received the article contracted for. The most that could be recovered would be damages suffered by reason of breach of a covenant which provided that the order should not be countermanded, and even such recovery is doubtful under the statement filed which set up a sale as the cause of action.

Argued March 13, 1900. Appeal, No 16, March T., 1900, by defendants, from judgment of C. P. Fulton Co., Jan. T., 1899, No. 38, in favor of plaintiff for want of a sufficient affidavit of defense. Before RICE, P. J., BEAVER, ORLADY, W. W. POR-TER and W. D. PORTER, JJ. Reversed. OPINION BY BEA-VER, J.

Rule for judgment for want of a sufficient affidavit of defense. Before SWOPE, P. J.

The facts sufficiently appear from the statement and affidavit of defense set out below:

The plaintiff in the above stated case, the Stimpson Computing Scale Company, a corporation doing business under the laws of the state of Indiana, states its claim against the defendants, George Schetrompf & Sons, as follows: On June 14, 1898, the said defendants entered into a written contract with the plaintiff of which the following is a copy:

" To STIMPSON COMPUTING SCALE COMPANY.
    " ELKHART, IND.
                            " BUCK VALLEY, 6–14, 1898.

" Please ship us as follows: To Hancock, Md., by freight as soon as possible one Stimpson Computing Grocer Scale Marble Platform without Scoop agate in fulcrum Bearings, marble finish. On the fulfillment of the above we agree to pay you the sum of old scale ($10.00) Dollars, ($5.00) Cash and the monthly sum of five Dollars ($5.00) for the term of 8 months, evidenced by promissory notes payable monthly, we to have the privilege of purchasing said Scale at the end of said term by the additional payment of five Dollars ($5.00) and until the said purchase by us the said Scale to belong to you and to be returned to you upon the failure by us to make any monthly payment or the said last payment.

" It is hereby expressly agreed and understood that in default of said Cash payment or of any monthly payment the full amount shall become due and payable, and that all claims of representation and verbal agreement not herein embodied are waived. It is especially agreed that this order shall not be countermanded. Should the Scale get out of order any time within two years from date of shipment you to repair same gratis, the undersigned paying charges to and from factory.

" This contract covers all agreements between the parties hereto, and . . . . hereby acknowledge receipt of duplicate of same.

                    Signed,        " GEORGE SCHETROMPF & SONS.
                                        " Drawn through . . . .
" Attest, N. J. BROWN.
" Salesman No. . . ."

In pursuance of the foregoing contract the said plaintiff shipped to the said defendants at Hancock, Md., the scale as described in the contract, but the said defendants refused to accept the same and have refused to make any payment at all upon the said contract and have refused and neglected to deliver up to the said plaintiff the old scale as provided in the contract, whereby the whole amount stipulated for is due and payable, to wit: $60.00, with interest from July 14, 1898. Payment of the defendants has been frequently requested but as frequently refused; therefore for the recovery of the said sum of $60.00 with interest as aforesaid the plaintiff brings this suit.

### AFFIDAVIT OF DEFENSE.

FULTON COUNTY, ss.

Before me personally appeared Andrew J. Schetrompf, a member of the firm of George Schetrompf & Sons, above named defendants, who being duly sworn according to law deposes and says that they have a full, just and legal defense to the whole of the plaintiff's claim, in the above stated case, the nature and character of which defense is as follows: That in the sale by the said plaintiff to the said defendants, the said plaintiff falsely and fraudulently represented said scales, said scales not being what they were represented by the said plaintiff; that before said scales were shipped to the said defendants by the said plaintiff, the said defendants countermanded their order for said scales and never received them. Affiant has reason to believe and does believe from the information he has obtained that the said plaintiff is not the patentee, or the owner of the patent for said scales, but that the said plaintiff is infringing upon the patent of the Computing Scale Company, of Dayton, Ohio, and this fact came to the knowledge of the said defendants before they countermanded the order given said plaintiff and after they had given said order for sale scales; that the paper upon which this suit is brought is simply a lease and no recovery can be brought thereon, as the said defendants were never indebted to the said plaintiff on said lease.

The court subsequently permitted two supplemental affidavits of defense to be filed and thereupon entered judgment in favor of plaintiff and against defendants for want of a sufficient affidavit of defense. Defendants appealed.

*Error assigned* among others was entering judgment in favor of plaintiff for want of a sufficient affidavit of defense.

*W. Rush Gillan*, with him *W. Scott Alexander*, for appellants. —Whether the contract under consideration be a bailment, a conditional sale, or an executory contract of sale, there can be no recovery for the price for the reason that the right of property has not passed to the defendants and the judgment should not have been entered.

In support of our contention that the property has not passed to vendee we cite also Lester v. McDowell, 18 Pa. 91, Henderson v. Lauck, 21 Pa. 359, and Welsh v. Bell, 32 Pa. 12.

That this contract is a bailment and not a sale or that it does not as between the parties pass the title to the defendants is, it seems to us, settled beyond doubt by the adjudication of a great number of cases in Pennsylvania. Among them are Bank v. Bicycle Co., 173 Pa. 413, Morgan Electric Co. v. Brown, 193 Pa. 351, Jones v. Wands, 1 Pa. Superior Ct. 273, Ladley v. Express Co., 3 Pa. Superior Ct. 149, and Rieker v. Koechling, 4 Pa. Superior Ct. 286.

The affidavit of defense sets forth that the plaintiff's agent represented that the scale was patented; that this representation was false. If this be so, and for the purpose of this argument it must stand as verity, then the contract is void and the plaintiff is not entitled to judgment.

There was no mutual assent of the parties to the same subject-matter: Chanter v. Hopkins, 4 M. & W. 399.

There are other cases where the use of a certain name for the goods was held a warranty that the goods were such. See Groetzinger v. Kann, 165 Pa. 578, and Holt v. Pie, 120 Pa. 425.

The affidavit sets forth that the order was given relying on the truth of the representations made by the plaintiff; this in Copying Co. v. Insurance Co., 4 Pa. Superior Ct. 605, was held sufficient to prevent judgment.

*Jno. P. Sipes*, with him *J. Nelson Sipes*, for appellees.—Our contention is that the written order of the appellants for the scale, when complied with by appellee by shipping the same according to the order, became an executed sale.

The form of the transaction then is not controlling where

there are circumstances from which it appears that the transaction is other than what its form would indicate : Ott v. Sweatman, 166 Pa. 217 ; Ladley v. U. S. Express Co., 3 Pa. Superior Ct. 149.

The correct rule would seem to be that there may be a bailment without an agreement to return, so there may be a sale with an agreement to return.    That there is or is not such a provision is not conclusive : Enlow v. Klein, 79 Pa. 488 ; Edwards v. Ward, 105 Pa. 103 ; Jones v. Wands, 1 Pa. Superior Ct. 273 ; Ladley v. Express Co., 3 Pa. Superior Ct. 149.

If, then, the transaction was a sale, the argument of appellants that the property in the scale did not pass to them necessarily fails.    It is certainly not supported by Lester v. McDowell, 18 Pa. 91, Henderson v. Lauck, 21 Pa. 359, and Welsh v. Bell, 32 Pa. 12, cited in support of it.

The appellee insists that having delivered the scale to the common carrier in compliance with the order of appellants, the property therein passed to the appellants.    Delivery of goods by the seller to a carrier without limitation or qualification in accordance with the order of the purchaser, is a delivery to the purchaser; the seller has thereby lost all control over them, except the right to stop them in transitu under such facts as will justify their stoppage: Bingham v. Lamping, 26 Pa. 340 ; Railroad Co. v. Wireman, 88 Pa. 264 ; Bacharach & Co. v. Chester Fr. Line, 133 Pa. 414.

OPINION BY BEAVER, J., April 23, 1900 :

The contract between the plaintiff and defendant, which is the order for one Stimpson Computing Grocer's Scale, signed by the defendant and accepted by the plaintiff, is unquestionably a bailment and not a sale.    The rights of intervening creditors do not arise in this case and the distinction between a bailment and a conditional sale discussed in so many cases is not involved.    As between the parties, the contract will be held to be just what it purports to be.    After the delivery of the old scales and the payment of $5.00 monthly for the period of eight months, defendant was to have the privilege of purchasing the scale ordered, upon the payment of $5.00 additional ; the scale in the mean time to belong to the plaintiff and to be returned to it, upon the failure on the part of the defendant to make any

monthly payment or the last payment. Here were the definite period—eight months—and the stipulation to return at the end of the period which are the usual distinguishing features between a bailment and a conditional sale. The general rule upon the subject is well stated in 2 P. & L. Dig. of Dec., 1936: " Where the possession of personal property is transferred under an express contract of lease or other bailment contract, the mere fact that there is a superadded executory agreement for the sale of the property to the transferee, upon the payment of a certain price at any time during the bailment does not convert the bailment into a sale and, until the execution of the contract of sale by the payment of the price, the title to the property remains in the bailor even as against the bailee's creditors."

It was also especially agreed that the order should not be countermanded. The defendants in their affidavit of defense allege that, for reasons which therein appear, they countermanded the order for said scale before it was shipped, and never received it. If that were true, how could the plaintiff recover the value of the scale with interest? It would be entitled only to such damages as were shown to have been suffered by reason of the breach of the contract which relates to the countermanding of the order; and, assuming that it is true, it may be doubted whether the plaintiff could recover under the statement filed. As that is the subject of amendment, however, it would present no insuperable difficulty in the way of a final recovery for a breach of the contract, in case the defendants' allegation as to countermanding the order were uncontradicted. Even if that were denied by the plaintiff and it were alleged that the scale was shipped before the order was countermanded, the delivery under the contract to a common carrier would not be a delivery to the consignee and would not complete the sale for, under the very terms of the contract, there was to be no sale, until after the payment of eight monthly instalments. The delivery of the scale to a common carrier, addressed to the defendants, would, of course, be no more than a delivery under the terms of the contract by which the defendants were to hold the scale as the bailees of the plaintiff. The plaintiff in his argument endeavors to neutralize the effect of the character of the agreement by saying that the words " ' and until the said purchase by us the said scale to belong to you ' were inserted in an effort to pro-

tect the property from possible creditors of the vendees by creating a secret lien upon it in favor of the vendors but which the courts have decided in innumerable instances cannot be done." The courts have decided that this cannot be done to the injury of creditors of the vendee but no court has decided, so far as we know, that a vendor who is a party to such a fraud is not bound thereby. This is the fundamental question in the case and the grounds upon which the court below ruled that the affidavits were not sufficient to send the case to a jury need not be discussed. The first affidavit of defense fairly raised the question as to the right of the plaintiff to recover under its statement and should have been so held.

Judgment reversed and a procedendo awarded.

