# Moneyweight Scale Company, Appellant, v. Woodward.

*Contract—Bailment—Rescission.*

The duty of a bailee who receives a chattel under an executory contract of hiring for a definite period, to inspect and accept or reject with reasonable promptness, is not different from that which the law imposes upon a purchaser who buys under an executory contract of sale.

When a party discovers facts which warrant a rescission of his contract, it is his duty to act promptly and, in case he elects to rescind, notify the other party without delay. Omission to repudiate within a reasonable time is evidence, and may be conclusive evidence of an election to affirm the contract. What is a reasonable time within which to exercise the right of rescission is, when the facts are undisputed, a question of law to be determined by the court.

An agreement in writing to lease a scale for a definite term at a rental named, with a covenant to return the scale in good condition at the end of the term, and with the privilege to purchase the same by the payment of an additional dollar after the expiration of the term, is a contract of bailment; and if the bailee takes the scale, uses it in his business for a period longer than the term of the lease, he cannot refuse to pay the rental because of an alleged defect which he admitted he discovered shortly after he received the scale, and as to which he made no complaint to the bailor, or used as a basis for the rescission of the contract.

*Contract—Bailment—Evidence—Advertisements.*

In an action to recover rental under a lease of personal property, where the defendant sets up an alleged defect in the property leased, circulars and advertisements isued by the bailor are inadmissible in evidence where there is no evidence that they affected or influenced the bailee in making the contract.

Argued April 18, 1905. Appeal, No. 238, April T., 1905, by plaintiff, from judgment of C. P. Washington Co., May T., 1904, No. 184, on verdict for defendant in case of Moneyweight Scale Company v. S. L. Woodward. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Assumpsit on a contract of bailment. Before TAYLOR, J.

At the trial it appeared that the contract on which the suit was based was as follows :

. " Notice :—No Scales Shipped on Trial.

" Glass Platform L. M. P.

" To The Moneyweight Scale Co.

" 47 STATE STREET, CHICAGO, ILL. P. O. Address Aug. 13, 1903.

" Please ship to me addressed as follows: S. L. Woodward,

P. O. Lock No. 4, as soon as possible, F. O. B. Dayton, Ohio, one No. 63 Computing Scale, which I hereby agree to lease from you for the term of 2 months, and promise to pay therefor, as rent, the sum of 75.00 net in 60 days Dollars in monthly installments of cash Dollars each, in advance ; the first installment of rent to be paid upon the execution of this agreement.

" It is understood that should I elect to pay the balance of such rent within thirty days from this date I shall be allowed a discount of ten per cent on such balance.

" I further agree to execute and deliver to you notes evidencing my indebtedness for the installments of rent hereafter to be paid.. I also agree that upon the expiration of said term I will surrender to you said scale in good condition, ordinary wear and tear excepted.

" It is the express condition of the above offer that I am to have the privilege, after the expiration of said term and the surrender of said scale to you, of purchasing said scale upon the payment to you of one dollar.

" It is hereby expressly understood and agreed that, in default of the payment of the rent for any month, or upon the issuing of any attachment, execution, distress for rent, or like process against me, or in the event of my becoming insolvent, the full amount of rent for the balance of said term shall become due and payable, and you may immediately take possession of said scale with or without process of law and retain as liquidated damages all payments made on this lease.

" THIS LEASE COVERS ALL AGREEMENTS BETWEEN THE PARTIES HERETO.

    " Accepted :
" Moneyweight Scale Co.

                            " S. L. WOODWARD.

" By W. D. MCBRIDE
                " Agent.

" Will pay 75.00 for No. 63 with swivel base 60 days from arrival of scale."

The court ruled that the above contract was a bailment, and refused to admit evidence to alter or change the writing, but permitted the plaintiff to introduce evidence to show that the

scales were not such accurate and correct scales as would make them a standard scales in the market. [1, 2]

The evidence for the plaintiff showed that the defendant accepted the scales, and used them in his business, without making any complaint or seeking to rescind the contract.

The court admitted under objection and exception various advertisement and circulars issued by the plaintiff. [3–6]

The court refused binding instructions for plaintiff. [7]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1–6) rulings on evidence, quoting the bill of exceptions ; (7) above instruction, quoting it.

*T. F. Birch*, with him *R. W. Knox*, for appellant.—The agreement is a bailment and not a conditional sale : Lippincott v. Scott, 198 Pa. 283 ; Painter v. Snyder, 22 Pa. Superior Ct. 603 ; Harris v. Shaw, 17 Pa. Superior Ct. 1 ; Goss Printing Press Co. v. Jordan, 171 Pa. 474 ; Stiles v. Seaton, 200 Pa. 114 ; Potter v. Stetson, 11 Pa. Superior Ct. 627.

The circulars should not have been admitted in evidence : Mumford v. McPherson, 1 Johns. 414 ; Dikon v. Miller, 28 Pa. C. C. Rep. 634.

The question should not have been submitted to the jury, but binding instructions should have been given for the plaintiff : Leach v. Alexander, 12 Pa. Superior Ct. 377.

*R. W. Irwin*, for appellee, filed no printed brief.

Opinion by Porter, J., October 9, 1905 :

The zeal of counsel introduced into the trial of this case a contest between rival scale manufacturers, and the result was to obscure the material facts and mislead the court as to the issue.

The contract between the parties, which consisted of a written order for " one No. 63 Computing Scale," signed by the defendant and accepted by the plaintiff was unquestionably a bailment and not a sale. The interests of the parties only are here involved, and the contract must be held to be just what it purports to be. The order of the defendant addressed to the plaintiff directed the latter to ship, " as soon

as possible, F. O. B. Dayton, Ohio," the scale described as
above; "which I hereby agree to lease from you for the term
of 2 months, and promise to pay therefor, as rent, the sum of
$75.00 net in sixty days." The order contained the following
additional provisions: "I also agree that upon the expiration
of said term I will surrender to you said scale in good condi-
tion, ordinary wear and tear excepted. It is the express
condition of the above offer that I am to have the privilege,
after the expiration of said term and the surrender of said
scales to you, of purchasing said scale upon the payment to
you of one dollar." The agreement contained the further
provision that upon default of any payment of rent the plain-
tiff should have the right to take immediate possession of the
scale. The defendant never at any time exercised his privilege
to purchase the scale, but, after having retained and used it
for over three months, shipped it back to the plaintiff. The
relation of the parties to the property and to each other was
and throughout the transaction continued to be that of bailor
and bailee, under the express provisions of their contract:
Scale Company v. Schetrompf, 13 Pa. Superior Ct. 377.

The facts that the defendant received the scale, used the
same in his business as a grocer for over three months, and
then shipped it to the plaintiff by express without having paid
any part of the rental agreed upon, are undisputed. When a
contract for a sale or lease of personal property is executory,
as it always is where a particular article is ordered without
being seen, from one who undertakes it shall be of a given
quality or description, there is an implied warranty by the
seller or bailor that the article shall be of the kind ordered,
and merchantable in quality. The duty of a bailee, who re-
ceives a chattel under an executory contract of hiring for a
definite period, to inspect and accept or reject it with reason-
able promptness is not different from that which the law im-
poses upon a purchaser who buys under such a contract. In
defining that duty President Judge RICE, speaking for this
court in Tete Bros. v. Eshler, 11 Pa. Superior Ct. 224, said:
"After the actual reception of the goods, and the lapse of a
reasonable time to examine them and to ascertain their quality,
the buyer will be deemed to have accepted them, unless he
then promptly exercises his right to reject them. This right

must be exercised not only promptly but unequivocally . . . . as soon as goods are accepted, the title passes to the buyer and if there is no fraud or deceit in the sale he cannot thereafter, revest title in the seller without the latter's consent. It follows that after full acceptance, especially if it be under circumstances from which a waiver of strict performance on the part of the seller may be found, the buyer is not at liberty when sued for the price to avoid the contract in toto." The same principle was recognized in Morse, Williams & Co. v. Arnfield, 15 Pa. Superior Ct. 140 and Baltimore Brick Co. v. Coyle, 18 Pa. Superior Ct. 186.

There was no dispute, under the evidence, that the scale in question weighed accurately, and it was an admitted fact that it computed the value of each article weighed at the given rate per pound in the manner in which such computation was made by every other "No. 63 computing scale," the kind designated in the contract. The defendant admitted that the scale correctly indicated the exact weight of any burden within its capacity. His complaint was that, while it correctly computed the value of any article which weighed an even number of ounces, that it would not definitely indicate the value of an odd number of ounces ; when an odd number of ounces were weighed the computer would indicate two values, that of the even number of ounces next above and next below, leaving the person operating the scale to determine the amount, between the two values thus indicated, which represented the real value of the article. It was an undisputed fact under the evidence that all scales of this description would definitely indicate the value of such articles only as weighed an even number of ounces, and that when the weight of the article was an odd number of ounces they would indicate two values, those of the even number of ounces next lower and next higher, rendering it necessary for the operator to determine the real value, between the two amounts thus indicated. It is therefore manifest that the defendant had the use of the very scale for which his contract of bailment called, no other scale would have been what he was entitled under his contract to have. When the scale was delivered to the defendant it was his duty to examine it; if it was not what he thought he was getting he should have made com-

plaint to the plaintiff without unreasonable delay.  As the scale was what his contract called for, he had no right to demand under that contract any other kind of scale.  His only way of escape from liability under his contract was to rescind the contract, in which case he would assume the burden of showing that it had been induced by misrepresentation.  Had the defendant elected to rescind the contract, after having discovered the manner in which the scales computed, the burden would again have been upon him to act promptly.  When a party discovers facts which warrant a rescission of his contract, it is his duty to act promptly and, in case he elects to rescind, notify the other party without delay.  Omission to repudiate within a reasonable time is evidence, and may be conclusive evidence of an election to affirm the contract. What is a reasonable time within which to exercise the right of rescission is, when the facts are undisputed, a question of law to be determined by the court: Leaming v. Wise, 73 Pa. 173 ; Morgan v. McKee, 77 Pa. 228 ; Shisler v. Vandyke, 92 Pa. 447 ; Davis v. Steward, 99 Pa. 295 ; Howard v. Turner, 155 Pa. 349; Acetylene Light etc., Co. v. Smith, 10 Pa. Superior Ct. 61.  This defendant admitted in his testimony that he discovered that this scale would not definitely indicate the value of the odd ounces, and while he did not pretend to say just when he made that discovery, he did say enough to show that it must have been shortly after he received the scale.  He stated, in reply to a question by his counsel: " Why, I had the scales several days before I noticed that."  Having this knowledge he retained the scale for three months, used it in his business, and after the period for which he had hired it had expired, returned it to the plaintiff without paying one cent of the amount he had agreed to pay.  This state of facts, unexplained, would have been sufficient to warrant the court in holding that the defendant had not elected to rescind the contract within a reasonable time.

The admission in evidence of the advertisements, or circulars, alleged to have been issued by the plaintiff company, was clearly erroneous.  There was no evidence that this defendant had, prior to making this contract, ever seen or heard of either of the circulars in question, and they could not possibly have had anything to do with inducing him to enter into the cove-

nants upon which it is now sought to hold him liable.    There was no competent evidence that the circulars had been issued by any person having authority to bind the company by any representation.    It is, however, sufficient to say that this defendant could not have been misled by them, and that they had nothing to do with this case.    The third, fourth, fifth and sixth specifications of error are sustained.

The seventh specification of error is based upon the refusal of the learned judge of the court below to affirm the request of the plaintiff for binding instructions.    The request was refused " for the reason we submit to you the question of fact whether or not the defendant received the scale and computing machine that he contracted for in this contract."    The contract was in writing, and there was no such evidence of a modification of its terms by a parol contemporaneous agreement as would have warranted the court in submitting the question of such a modification to the jury : Phillips v. Meily, 106 Pa. 536 ; Thomas v. Loose, 114 Pa. 35 ; Wodock v. Robinson, 148 Pa. 503.    The meaning of the written agreement was for the court, and the evidence clearly established that the defendant got just what his written agreement called for.    The defendant admitted that he discovered the alleged defects in the scale shortly after it came into his possession, yet after such discovery he retained possession of the scale and used it for the entire period covered by his contract of bailment, without giving any notice or intimation to the plaintiff that he was not satisfied with his bargain.    We are of opinion that, in view of this evidence, the defendant could not after the contract of bailment had been fully executed rescind the contract, when the only thing that remained to be done was for him to pay the price agreed upon for the use of the scale of which he had availed himself with full knowledge of the facts.    Whether or not, and under what circumstances a bailee may accept goods and retain his right to damages for noncompliance with the contract, is a question which did not arise in this case, for the defendant made no offer to prove damages.    The seventh specification of error is sustained.

The judgment is reversed and a venire facias de novo awarded.