## Jacobsohn *v.* Carey, Appellant.

*Contract—Sale—Acceptance of goods.*

Where goods are sold under an agreement, that vouchers should be delivered with the goods "showing that the merchandise had been manufactured in a union factory," and the goods are delivered as ordered, except that they were not accompanied by union vouchers, and the purchasers accept the goods and make no objection of the absence of the vouchers until an action for the purchase price was brought four months afterwards, the plaintiff will be entitled to recover the contract price of the goods; and there is all the more reason for such recovery if it appears that the defendants on the admission of a new partner into their firm requested the plaintiff to rebill the goods to the new firm without reference to the vouchers, and that such rebilling was done by the plaintiff as requested.

Argued Oct. 13, 1914.  Appeal, No. 68, Oct. T., 1914, by defendants, from order of the Municipal Court, Phila. Co., Feb. T., 1914, No. 57, making absolute rule for judgment for want of a sufficient affidavit of defense in case of

Lazar Jacobsohn v. Frank A. Carey et al., Copartners trading as Frank A. Carey & Company.   Before Rice, P. J., Orlady, Head, Henderson, Kephart and Trexler, JJ. Affirmed.

Assumpsit for goods sold and delivered.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Albert L. Moise,* with him *Paul C. Hamlin* and *A. J. & L. J. Bamberger,* for appellants.—There was no novation: Wright v. Hanna, 210 Pa. 349; Minneapolis, etc., Ry. Co. v. Columbus Rolling Mill Co., 119 U. S. 149; Bower v. Blessing, 8 S. & R. 243; Baird v. Pratt, 148 Fed. Repr. 825.

Evidence of verbal warranty or condition is admissible notwithstanding subsequent letters: Driesbach v. Lewisburg Bridge Co., 81* Pa. 177.

Plaintiff has not substantially performed, but has willfully departed from entire contract: Cleaver v. Garner, 133 Pa. 419; Alcott v. Hugus, 105 Pa. 350; Claridge v. Klett, 15 Pa. 255.

Judgment against three cannot be sustained as to any on cause of action against two only: Boaz v. Heister, 6 S. & R. 17; Cook v. Mackrell, 70 Pa. 12; Donnelly v. Graham, 77 Pa. 274.

*Thomas O. Peirce,* for appellee.—The letter of December 12, 1913, from defendants to plaintiff and plaintiff's acceptance of the terms thereof and the rebilling of the goods as requested by defendants, constituted a new contract between the parties which superseded any alleged verbal or other agreement inconsistent with the

terms thereof: McNish v. Reynolds, 95 Pa. 483; Carrier v. Dilworth, 59 Pa. 406; Holloway v. Frick, 149 Pa. 178; Dreifus v. Salvage Co., 194 Pa. 475.

The appellants having accepted the goods and retained them in their possession are liable for the agreed price: Baltimore Brick Co. v. Coyle, 18 Pa. Superior Ct. 186; Spiegelberg v. Karr, 24 Pa. Superior Ct. 339; Tete Bros. v. Eshler, 11 Pa. Superior Ct. 224; Morse v. Arnfield, 15 Pa. Superior Ct. 140; American Watch Tool Co. v. Reed Mfg. Co., 18 Pa. Superior Ct. 24; Hilliard v. Allegheny Geom. Wood Carving Co., 173 Pa. 1.

OPINION BY TREXLER, J., February 24, 1915:

The court below entered judgment for want of a sufficient affidavit of defense. The facts as they appear in the pleading are: the plaintiff agreed to furnish certain hat bodies to the defendant and "to deliver with said merchandise vouchers showing that the merchandise had been manufactured in a union factory." The goods were delivered as ordered and were admittedly of the proper quality and kind but were unaccompanied by "union" vouchers. The defendant retained the goods, made no objection to them, made no attempt to return them and expressed no dissatisfaction in regard to the matter. All of the goods except a trifling item were received on or before October 7, 1913. On December 12, 1913, defendants wrote to plaintiff that they had admitted a new partner into their firm; that they still had the hat bodies and if plaintiff would bill the goods as of December 15 they would pay the bill at an early date. The plaintiff declined by letter to rebill the goods, but thereafter did rebill the goods as requested and defendants were aware of such rebilling and did nothing in the premises. Suit was brought on February 15, 1914, and then for the first time the defendants claimed that the union vouchers had not been furnished.

The court below entered judgment on two grounds:

first, that the goods having been rebilled according to the offer of the defendants and the new firm substituted for the old, there was a novation and that as in the letter written in regard to the matter on December 12, asking for a rebilling of the goods, there was no reference made to "union" vouchers, that provision formed no part of the new contract and the plaintiff was not bound by it, and second, that the defendants, having received and kept the goods, ought to pay for them even if they were not as ordered. We think the court was right in the position it took; that the defendants having retained these goods until December 12 and having asked for an extension of time, with the substitution of a new firm and with no reference to the union vouchers, there was certainly a consideration, a change of the time of credit and of the parties sufficient to sustain a new contract. But even if this were not so there is the other feature of the case which we think absolutely controls and that is the fact that defendants took the goods without any objection, retained them and never expressed any dissatisfaction on account of the absence of the union vouchers until suit was brought. It brings the case within the long line of decisions referring to warranty of goods. These goods were warranted to be union made and the evidence of their being so made was to be the union vouchers. It was the defendants' duty with reasonable promptness to either accept, or reject the goods when delivered. When they discovered a fact which warranted a rescission of the contract it was their duty to act promptly and notify the other party without delay. The defense is to the whole bill. The defendants still have the goods and claim they are not required to pay for them. If the defendants knew, or ought to have known that the goods were not such as had been contracted for, the right to reject them ought to have been exercised with reasonable promptness and unequivocally: Tete Bros. v. Eshler, 11 Pa. Superior Ct. 224; Morse, Williams & Co. v. Arnfield & Son, 15 Pa.

Superior Ct. 140; Moneyweight Scale Co. v. Woodward, 29 Pa. Superior Ct. 142; Blair v. Ford China Co., 26 Pa. Superior Ct. 374; Baltimore Brick Co. v. Coyle, 18 Pa. Superior Ct. 186. They are bound to make their election within a reasonable time and what is a reasonable time is for the court: Morgan v. McKee, 77 Pa. 228; Davis v. Stuard, 99 Pa. 295; Spiegelberg v. Karr, 24 Pa. Superior Ct. 339.

If the parties in this case had been allowed to go to trial and the facts had been developed as set forth in the pleadings, there could have been but one result and that would have been a verdict directed for the plaintiff. Under such circumstances of course the lower court was right in entering judgment for the plaintiff.

The judgment is affirmed at the cost of appellant.