# Bunce v. Franklin Odd Fellows Hall Association, Appellant.

*Mechanics' lien—Discharge of contractor from work—Certificate of architect—Waiver.*

Where a building contract provides that the contractor may be dismissed upon a certificate from the architect that the work was not being prosecuted with promptness and diligence, and it appears that after a portion of the work had been completed, the architect certifies to the owner that the work was not being prosecuted with promptness and diligence, but the owner permits the contractor to continue on with the work for over three months, and then dismisses him without any further certificate from the architect, the dismissal is not justified, inasmuch as the certificate predicated, as it was, upon the things as they existed at its date, could not avail after the expiration of over three months thereafter.

Argued April 12, 1916. Appeal, No. 66, April T., 1916, by defendant, from judgment of C. P. Venango Co., Nov. T., 1913, No. 29, on verdict for plaintiff in case of W. D. Bunce v. Franklin Odd Fellows Hall Association and S. A. Moore, Contractor. Before ORLDAY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Scire facias sur mechanics' lien.   Before CRISWELL, P. J.

The facts are stated in the opinion of the Superior Court.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $835.52. Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*J. S. Carmichael,* with him *Donald Glenn* and *Robert F. Glenn,* for appellant.

*John L. Nesbit,* with him *Theodore Clulow,* for appellee.

OPINION BY TREXLER, J., July 18, 1916:

The plaintiff filed a lien for the materials furnished to a hall erected by defendant.   There is no dispute as to the lien but the owner contends it has a set-off to plaintiff's claim in that the claimant is liable as one of the bondsmen of the general contractor who erected the building and that by reason of the default of the contractor the liability of the plaintiff as one of the bondsmen became fixed and the bond being joint and several a setoff arises.

The question therefore to be determined is whether the bondsmen are liable upon their bond.   Article 5 of the agreement entered into between the association and the contractor reads in part as follows: "Should the contractor at any time refuse or neglect to supply a sufficiency of properly skilled workmen, or of materials of the proper quality, or fail in any respect to prosecute the work with promptness and diligence, or fail in the performance of any of the agreements herein contained, such refusal, neglect or failure being certified by the

architect, the owners shall be at liberty, after three days' written notice to the contractor, to provide any such labor or materials, and to deduct the cost hereof from any money then due or thereafter to become due to the contractor under this contract; and if the architect shall certify that such refusal, neglect or failure is sufficient ground for such action, the owners shall also be at liberty to terminate the employment of the contractor for the said work and to enter upon the premises and take possession, for the purpose of completing the work."

On the 28th of August, 1911, the architect gave the certificate in compliance with the above article. It was then within the power of the owner to proceed as directed in the contract. Instead of doing so it allowed the contractor to remain on the job. On September 12, 1911, without any reference being made to the certificate of the architect, the owner directed the contractor to discontinue work until further notice owing to the absence of the architect from the city. It appears that there was a report that the building was unsafe and that that was the real reason for the suspension of work. It was not on account of anything for which the contractor was responsible. Afterwards the contractor was told to go on with the work and he continued the job until he was discharged December 5, 1911. The certificate of August 28th was the only one given by the architect. The owner contends that the dismissal of December 5, 1911, was justified by reason of the certificate of August 28th. The trial judge took the position that the certificate had lost its effect and could not support the dismissal of December 5th so as to make the bondsmen liable. We think this view is correct. Under the express terms of the contract, the failure to supply competent workmen, proper materials or slackness in doing the work gave the owner the right to terminate the contract, but the evidence of the existence of such cause was the certificate of the architect. When the architect gave the certificate in August, it settled the matter that the cause for the

termination of the contract then existed, but when the owner allowed the contractor to proceed, the certificate, predicated upon the things as they existed August 28th, could not avail after the expiration of over three months. That certificate furnished no assurance that the condition which was the cause for annulling the contract existed on December 5, 1911. When the owner received the certificate it was required to act within a reasonable time and upon conditions then existing. When the circumstances changed, the right acquired under it ceased. The question of what is reasonable time when the material facts are not in dispute, is for the court: Jacobsohn v. Carey, 59 Pa. Superior Ct. 4, and cases there cited, but apart from this the owner by its acts waived any right it had by reason of the giving of the certificate. The termination of the employment of the contractor by the owner, December 5th, being unwarranted, no liability arose as to the bondsmen, and hence no set-off could be allowed in this suit for a mechanic's lien.

There were a number of assignments of error on refusal to admit evidence by which defendant sought to justify the termination of the contract on December 5th, but under the terms of the contract, the certificate of the architect was a sine qua non, and as we have held that the court correctly decided that the only certificate given could not then be used, we need not discuss them.

The assignments of error are overruled, and the judgment is affirmed.