## Levy & Koplin *v.* Queen Company, Appellant.

*Accord and satisfaction—Payment—Tender—Conditional acceptance.*

In an action to recover the balance due on a book account evidence was produced to show that the defendant had sent a check for an amount less than that claimed by the plaintiffs, on which was endorsed the statement that it was to be in full payment of the account. The check was returned by the plaintiffs in a letter refusing acceptance on the ground that it did not provide for the full amount of the claim. Later the check was again returned to the plaintiff by the defendant. Under such circumstances the lower court did not err in holding that the check was received in part payment only, and in awarding judgment in favor of the plaintiff for the balance due on the account.

*Sales—Delivery—Refusal to accept because of delay—Failure to notify vendor within reasonable time.*

Where goods are received by a consignee, and the defendant four months afterwards notifies the consignor that he did not accept the goods because they were not delivered in time, a verdict is properly rendered in favor of the plaintiff because of the defendant's failure to notify the plaintiff within a reasonable time of its intention to refuse to accept the goods.

Argued October 21, 1919. Appeal, No. 238, Oct. T., 1918, by defendant, from judgment of Municipal Court of Philadelphia, Oct. T., 1918, No. 311, in favor of plaintiff in suit tried by the court without a jury in the case of M. E. Levy and J. H. Koplin, trading as Levy & Koplin, v. Queen Company, a corporation existing and organized under the laws of the State of Ohio. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ. Affirmed.

Assumpsit on goods sold and delivered. Before CASSIDY, J., without a jury.

The opinion of the Superior Court states the case.

The court found in favor of the plaintiffs for $126.96, and judgment was entered thereon. Defendant appealed.

*Errors assigned* were the refusal to find in favor of the defendant and in overruling the defendant's motion for judgment non obstante veredicto.

*Albert M. Roth,* for appellant.

*Joseph Blank,* for appellee.

OPINION BY HENDERSON, J., February 28, 1920:

The plaintiffs claimed a balance on an account due them from the defendant for merchandise sold. The account was sufficiently proved and a prima facie case made out. The defense set up was that some of the items of merchandise had been returned because they were damaged in transit, and that a check had been forwarded to the plaintiffs for the amount of the bill less the value of the damaged goods returned, which check had endorsed thereon the following: "This check is in full payment for the above stated bills; no receipt required." This check as alleged was accepted by the plaintiffs, as a result of which there was an accord and satisfaction. With respect to another part of the account, the defense was that the merchandise was not shipped in time and was therefore refused. The case was tried without a jury, and the assignments of error relate to the refusal of the court to find for the defendant and to grant a new trial. It appears from an examination of the evidence that the questions involved were questions of fact to be disposed of by the court. The evidence shows that the check referred to was returned by the plaintiffs to the defendant more than once. Under date of January 16, 1908, they wrote to the defendant: "We are again returning your check for $187.58 sent us in settlement of your Youngstown account, and would again remind you, you might save unnecessary loss of time and expense of postage, by not returning same to us once more. Under no consideration will we accept this remittance as in full payment

of your account unless accompanied by an additional check for the difference of $26.50 still due us." It does not appear how the check again came into the plaintiffs' possession, but it is clearly shown that the defendant was notified that the check would not be accepted if it was returned afterward with the condition made by the defendant. If it was again returned to the plaintiffs, it was presumably sent on the terms contained in the letter referred to. With respect to the item for merchandise refused by the defendant because it was not delivered in time, the plaintiffs' evidence tends to show that a delay in shipment was requested by defendant, and that the shipment was made in exact compliance with the defendant's order. This dispute was resolved in favor of the plaintiffs by the trial court, and properly so in the view which we take of the evidence. It also appears that there was a delay of nearly four months between the time the goods were received and the defendant's notice that they were refused. No explanation of this long delay was made, and the court might well have disposed of this part of the case on the defendant's delay in rejecting the merchandise. The evidence does not disclose any reason which should have moved the court to grant a new trial.

The assignments are overruled and the judgment affirmed.