# Elk Textile Company *v.* Cohen, Appellant.

*Sales—Dry goods—Warranty of quality—Inspection and return —Retention of part.*

In an action to recover the value of a shipment of dress goods, an affidavit of defense is insufficient, which admits the receipt of the material and avers a breach of warranty and also admits that the defendant retained part of the goods and sought to pay for them, but at the same time to return the balance.

When a particular article is ordered, without being seen, from a seller who warrants its correspondence with a particular quality or description, the buyer is entitled to a reasonable time to inspect the merchandise for the purpose of ascertaining whether it corresponds with the warranty. Having made such examination, he

478, (1921).]     Syllabus—Opinion of the Court.

should promptly exercise his right to refuse, or he will be deemed to have accepted it.   What is the reasonable time within which to exercise the right to return is a question of law when there is no controversy as to the facts.

Where goods are received by a consignee who, after a lapse of two months and four days, notified the vendor that the goods were not saisfactory because of a breach of warranty, and the particular material in question was dress goods, the value of which varied according to the seasons, the delay of the defendant was undue and unreasonable, and judgment is properly entered in favor of the plaintiff.

Argued October 22, 1920.   Appeal, No. 284, Oct. T., 1920, by defendant, from judgment of the Municipal Court of Philadelphia, June T., 1920, No. 263, in the case of Elk Textile Company, a corporation, v. D. Cohen, trading as Columbia Dress Company.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.   Affirmed.

Assumpsit on book account for goods sold and delivered.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule for judgment for want of a sufficient affidavit of defense. Defendant appealed.

*Error assigned* was the judgment of the court.

*Herman L. Hecht,* and with him *Bernard R. Cohn,* for appellant.

*Alvin L. Levi,* and with him *David Mandel, Jr.,* and *Julius C. Levi,* for appellee.

OPINION BY HENDERSON, J., March 5, 1921:

The plaintiff's action was based on a book account for a bill of dress goods sold to the defendant.   An affidavit

of defense and supplement thereto were filed by the defendant. On a rule for judgment for want of a sufficient affidavit of defense, judgment was entered in favor of the plaintiff. The sufficiency of the affidavits is the question for our consideration. The merchandise consisted of eighteen pieces of voile. It was shipped on February 4, 1920, and received by the defendant on March 5th. The material was to be used in the manufacture of dresses and the defendant avers that the plaintiff warranted it to be fit for that purpose. One of the pieces was made into dresses and sold to the defendant's customers. Immediately thereafter he received a number of complaints that the goods were defective. He thereupon made an examination of the remaining seventeen pieces and found that a streak of white cotton ran through the goods, by reason whereof the material could not be used for the purpose intended, the colors of the fabric being navy blue, brown and taupe. Accordingly on May 10, 1920, the defendant sent a check to the plaintiff for $23.66 for the piece of material he had used and reshipped the remaining seventeen pieces to the plaintiff on the same day. It is further averred that the defendant would have returned the goods sooner but owing to the fact that there was an embargo at that time on all goods from Philadelphia to New York, he sent them by express. It is admitted that the defendant ordered the goods and the price charged would have been correct if the quality had been as warranted. It is averred that the original order was for thirty pieces and that twelve had been received and found satisfactory and used by the defendant. At what time the original order was given is not stated in the affidavits. This order is said to have been given in writing, but the defendant does not attach a copy of it to the affidavit, and we are not informed therefore what its specific terms were. Assuming, however, that there was a warranty as to the adaptability of the material, the affidavits lack the necessary averments to support a defense. It is admitted that a

part of the material was used by the defendant. If on inspection it did not meet the terms of the warranty, whether express or implied, it was the duty of the defendant either to accept or reject the whole consignment. He was not at liberty to use a part and return a part. It will be noticed that the defect complained of ran through the whole shipment. If the plaintiff committed a breach of the warranty in shipping defective material, no contract existed by which the defendant could be bound. He might repudiate the sale and return the goods, but he must exercise no act of ownership by retaining a part and returning the remainder. If he accepts the whole consignment, he may still rely on the warranty and defend against the payment of a greater price than the thing was worth, but where there is a rescission, it must apply to all of the subjects of the contract: Beetem's Administrators v. Burkholder, 69 Pa. 249; Fowler v. Meadow Brook Water Co., 208 Pa. 473; Elzea v. Brown, 59 Pa. Superior Ct. 403. Reliance is placed on the 69th section of the Sales Act of 1915, P. L. 543, which provides that where there is a breach of warranty by the seller, the buyer may at his election rescind the contract to sell, or the sale, and refuse to receive the goods, or if the goods have already been received, return them, or offer to return them to the seller. This is merely a restatement of the law merchant, however, and does not apply to a case where the vendee accepts in part and rescinds in part. The vendor was entitled to have the status quo established as a condition of the rescission, and by the use of a part of the material, the defendant made this impossible. He must place the goods at the disposal of the plaintiff without qualification. The affidavit shows that the defect was not latent; it is said to have been observed by the persons who bought the dresses made from the material, and the defendant observed the defect in the seventeen pieces which he returned. It could easily have been discovered, therefore, if an

examination of the cloth had been made with reasonable promptness after it was received.

For another reason also the action of the court should be sustained. When a particular article is ordered without being seen, from a seller who warrants its correspondence with a particular quality or description, the buyer is entitled to a reasonable time to inspect the merchandise for the purpose of ascertaining whether it corresponds with the warranty. Having made such examination, he should promptly exercise his right to refuse, or he will be deemed to have accepted it. What is a reasonable time within which to exercise the right to return is a question of law when there is no controversy as to the facts: Moneyweight Scale v. Woodward, 29 Pa. Superior Ct. 142; Zellar v. Haupt, 41 Pa. Superior Ct. 647; Levy & Koplin v. Queen Co., 73 Pa. Superior Ct. 425. It is conceded that two months and four days elapsed between the receipt of the merchandise and its shipment back. The material was used in the manufacture of dresses; it was "seasonable" and the importance of prompt notice to the seller under such circumstances is obvious. The condition of the market for such goods might vary from day to day. Under such circumstances, we think the delay of the defendant was undue and unreasonable. The only explanation given is that "there was an embargo at that time on all goods from Philadelphia to New York City." Just what was meant by that is not clear. Upon its face it may have been intended to state the fact that merchandise could not be sent from Philadelphia to New York, but there are various means of shipment, and the goods were actually forwarded by express on May 10th. It is not stated that the embargo was lifted or that there was not any practicable means of returning the property. It does not appear when the embargo went into effect, nor the scope of it, nor the time when it was removed. The explanation is entirely too vague and indefinite as to time and circumstances to make it available as an excuse for not

notifying the plaintiff of the rescission of the contract and promptly returning the merchandise. We think the court was not in error therefore in entering judgment.

The judgment is affirmed.