## Bazil v. Keystone Fur, Company.

*Contracts — Sales — Warranty — Inspection — Return of goods — Act of May 19, 1915, P. L. 543.*

1. In an action for goods sold and delivered, an affidavit of defence is insufficient which admits receipt of the goods, avers a breach of warranty, and sets forth that defendants retained part of the goods and attempted to pay for them and return the remainder, without averring that they offered to return them in substantially as good a condition as when delivered.

*Practice, C. P.—Affidavit of defence—Failure to attach copy of letter—Act of May 14, 1915.*

2. Where defendant's affidavit of defence refers to a letter received by defendant from plaintiff, which is alleged to have contained a substantial modification of the contract between the parties, such letter or a copy of the same must, under the Act of May 14, 1915, P. L. 483, be attached to the affidavit.

Exceptions to affidavit of defence. C. P. Lackawanna Co., Oct. T., 1922, No. 937.

*M. L. Barrett, Jr.,* for plaintiff; *R. P. Silverstein,* for defendant.

MAXEY, J.—The plaintiff claims of the defendants the sum of $707.50, with interest from July 10, 1922. It is alleged that the plaintiff and defendants entered into a written contract on June 20, 1922, substantially as follows:

The plaintiff agreed to ship to the defendants three squirrel coats, one squirrel wrap and one Hudson seal coat, squirrel trimmed, for the sum of $1415, for which plaintiff accepted check of the defendants for $500 on account. Plaintiff also agreed to ship to the defendants seven Hudson seal coats, trimmed with skunk, forty inches in length, at the price of $1282.50. It was agreed that should the defendants decide by June 24th to return some of the merchandise, the defendants had the right to retain coats for the amount paid plaintiff, at the price specified; and should the defendants decide to retain all the merchandise, the defendants agreed to pay the plaintiff $2697.50, from which all moneys paid to plaintiff mentioned in the agreement should be deducted. $500 was to be paid on June 26th, the balance in twenty days.

The statement avers that the defendants inspected the goods and carried them away with them; that the defendants paid $500 on account; that on July 1, 1922, defendants returned to plaintiff a certain part of said merchandise, to wit, eight Hudson seal coats, of the value of $1497.50, for which sum the defendants have been given credit; that the defendants have kept, and still keep, the balance of said merchandise, to wit, three squirrel coats and one squirrel cape; that on July 20, 1922, the plaintiff sold the defendants certain girdles for the sum of $7.50; that the said price of $7.50 and the prices and sums charged for the merchandise mentioned in the written agreement are fair and reasonable prices; that said defendants have never paid for said girdles and for said three squirrel coats and one squirrel cape; and that, after being given credit for the sum of $500 paid on account and credits for all goods returned, the defendants owe plaintiff $707.50.

The affidavit of defence alleges that the defendants did inspect the merchandise referred to in the written agreement, and that they found four squirrel garments defective and refused to accept the same unless the skins were reset; that plaintiff agreed to this. Defendants then left the plaintiff's place of business and returned later in the day, and received a package containing the four squirrel garments and were assured that the skins had been reset. The next day, upon opening the package at Scranton, the defendants

4 D. & C.

found that the skins had not been reset. Thereupon defendants wrote the plaintiff, offering to return these garments and demanding that the plaintiff return to them the $500 left with plaintiff as a deposit. Defendants aver, further, that on June 27, 1922, they received a letter from the plaintiff, advising them in part as follows: "If you desire to keep the four squirrel garments, the price would be $300 each, or $1200 for the four garments. If you wish to keep the merchandise for the amount of the check issued us, you may keep two squirrel numbers and remit check for $100." The defendants further aver that, accordingly, they did tender to the said plaintiff, in addition to the $500 left with him as a deposit, two squirrel garments and a check for $107.50. Defendants aver that the plaintiff refused to accept said check for $107.50 and the two squirrel garments, and did not return to the defendants the $500 left with him, for which no merchandise was received.

## Discussion.

The third paragraph of the 69th section of the Sales Act of May 19, 1915, P. L. 543, provides as follows: "Where the goods have been delivered to the buyer, he cannot rescind the sale if he knew of the breach in warranty when he accepted the goods, or if he fails to notify the seller within a reasonable time of the election to rescind, or if he fails to return, or offer to return, the goods to the seller in substantially as good condition as they were in at the time the property was transferred to the buyer."

It does not appear from the affidavit of defence that the defendants notified the seller of the election to rescind, except inferentially. Although the affidavit of defence does aver that the defendants offered to return these garments to the plaintiff, it does not aver that they offered to return them in substantially as good condition as they were in at the time the property was transferred to the buyers.

The affidavit of defence does refer to a letter which the plaintiff wrote the defendants, which meant a substantial modification of the original contract. For the defendants not to attach a copy of this letter to their affidavit of defence offends against section 5 of the Practice Act of May 14, 1915, P. L. 483. The defendants plead that, upon receipt of this letter, they acceded to its terms, and thereupon tendered to the plaintiff two squirrel garments and a check for $107.50. The affidavit does not set forth, however, when the alleged tender was made, where it was made, to whom it was made, or the condition of the garments at the time it was made. It does not say that the check was good at the time it was offered. See Markovitz v. Heller, 50 Pa. C. C. Reps. 589. If the defendants offered to return the goods, they should set forth in their affidavit of defence how this offer was made, whether in writing or orally, and when and by whom and to whom it was made.

Counsel for the defendants calls our attention to the case of Elk Textile Co. v. Cohen, 75 Pa. Superior Ct. 478, quoting the 69th section of the Sales Act of 1915, which provides that where there is a breach of warranty by the seller, the buyer may, at his election, rescind the contract to sell, or the sale, and refuse to receive the goods, or, if the goods have already been received, return them, or offer to return them, to the seller. That does not apply to the case at bar, because, while there is an alleged breach of warranty by the seller, the defendant sets up a new agreement entered into between the seller and the buyer, by which it is provided that the buyer might keep two squirrel garments and remit check for $100. If this new agreement was properly pleaded, it superseded the original agreement upon which the action was

founded. We, however, hold that it is not properly pleaded, and for this reason and because of other defects pointed out in the affidavit of defence,

Now, May 10, 1923, the exceptions to the affidavit of defence are sustained and the defendants are given fifteen days in which to file a new affidavit of defence.　　　　　From William A. Wilcox, Scranton, Pa.