# Morgan *et al. versus* McKee.

1. Defendant bought 4000 barrels of oil from plaintiff, and eight similar papers of same date were executed by them, each for the delivery of 500 barrels on the last day of consecutive months, payment to be made on each delivery. *Held*, not to be an entire contract.

2. The plaintiff, on demand, refused to deliver the oil due on one of the appointed days ; the defendant on the next day for delivery, gave notice of rescission, on the ground of the previous default. *Held*, the plaintiff might recover for refusal of defendant to accept and pay for the oil which was tendered on the days appointed for the subsequent deliveries.

3. The right to rescind a contract must be exercised within a reasonable time after the breach. What is a reasonable time, is for the court.

4. Evidence was inadmissible, that at the time of the purchase it was agreed that it was an entire contract, and that the several papers were executed with that understanding and according to the custom of the trade.

October 9th 1874. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR and GORDON, JJ.

[Morgan *v.* McKee.]

Error to the Court of Common Pleas of *Allegheny county:* Of October and November Term 1874, No. 7.

This was an action of assumpsit, brought to February Term 1871, of the court below, by John A. McKee against B. W. Morgan and S. A. Morgan, partners as B. W. Morgan & Co.

The plaintiff's claim, as set forth in his declaration and affidavit of claim, was on three similar instruments of writing, all dated March 5th 1870, each of which was for the sale by the plaintiff to the defendants of 500 barrels of petroleum; one for the delivery of 500 barrels between the 16th and 31st days of October, at buyer's option; one for the delivery of 500 barrels between the 16th and 30th days of November; and the third for the delivery of 500 barrels between the 16th and 31st days of December 1870, to be paid for on each delivery at 30 cents per gallon; with the stipulation in each paper that if no call was made by the defendants, or if the call should be for delivery on the last day, the plaintiff should have the privilege of delivery on either of the last three days. These contracts were accepted by the defendants, and when the plaintiff tendered them the oil on the days stipulated for the delivery, they refused to accept and pay for it.

On the trial, before Starrett, P. J., February 13th 1873, after the plaintiff's claim had been read, the defendants offered to prove, that on the 5th of March 1870, the plaintiff and defendants entered into a contract for the sale and purchase of 4000 barrels of petroleum, for the price, &c., as set out in the instruments above given, and deliverable in monthly quantities of 500 barrels; " that the broker who acted for the parties after the contract was entered into, prepared and had executed eight papers of the tenor of those in evidence, for the delivery of the said monthly instalments; that this was done merely as a matter of convenience and in accordance with the custom of the trade; that said papers were all executed at one time; that the contract for said 4000 barrels was one entire contract, and so understood and agreed on by the parties, and the object in preparing and executing said eight papers was not to sever said contract, or to interfere with its entirety, and this was well understood by both parties at the time said papers were signed and executed; that under said contract the plaintiff delivered, and the defendants accepted and paid for, 500 barrels of said petroleum in the month of May 1870, and the like quantity for each of the months of June, July and August 1870, and upon said oil, so delivered and accepted, the defendants sustained a heavy loss; that the 500 barrels to be delivered by plaintiff to defendants under said contract in the month of September 1870, were not so delivered, but the plaintiff made default in the delivery, and refused to deliver the same, although it was duly demanded; that the defendants subsequently, to wit, when the October delivery was tendered, notified the plaintiff that by reason of his previous

[Morgan *v.* McKee.]

default, the defendants elected to treat the contract as rescinded, and for like reason the defendants declined the subsequent deliveries; that neither the plaintiff nor the defendants would have entered into separate contracts for monthly deliveries, nor would the former have sold, nor the latter have purchased, less than 4000 barrels of said petroleum, but it was the contemporaneous understanding and agreement when said eight papers were executed, that they constituted one transaction or entire contract for 4000 barrels; that the papers for the months of October, November and December, in evidence, are three of the eight papers mentioned in a previous part of this offer, and they cover but a portion of the aforesaid 4000 barrels."

The offer was rejected and a bill of exceptions sealed.

The verdict was for the plaintiff for $5840.

The defendants removed the record to the Supreme Court, and there assigned the rejection of their offer for error.

*M. W. Acheson*, for plaintiffs in error.—The entirety of a contract depends on the intention of the parties : Shinn *v.* Bodine, 10 P. F. Smith 182.    The evidence offered not being to vary the contract, but to show the whole transaction, it was admissible, although in parol : Miller *v.* Fichthorn, 7 Casey 252 : Barnhart *v.* Riddle, 5 Id. 92 ; Chalfant *v.* Williams, 11 Id. 212; Patterson *v.* Todd, 6 Harris 426 ; Barclay *v.* Weaver, 7 Id. 396.    While a contract is *in fieri*, non-performance by one party discharges the other: 2 Parsons on Contracts 678, 679 ; Wilmhurst *v.* Bowker, 2 Man. & Gr. 792 ; Reybold *v.* Vorhees, 6 Casey 116 ; and if entire, the plaintiff must first show his performance or readiness to perform : Shaw *v.* Turnpike Co., 2 Penna. R. 454 : Roberts *v.* Beatty, Id. 63 ; McClurg *v.* Price, 9 P. F. Smith 420 ; Martin *v.* Schoenberger, 8 W. & S. 367.    There was no waiver of right to rescind ; the plaintiff having refused to perform and persisted in it, the defendants might treat the contract as rescinded when the October tender was made; 2 Parsons on Contracts 678, 679 ; Story on Sales 451.    The question of reasonable time of notifying the rescission was for the jury : Burton *v.* Griffiths, 11 M. & W. 817 ; 1 Hilliard on Contracts 210, pl. 35.

*A. M. Brown* and *T. C. Lazear*, for defendants in error.— The papers on their face did not show an entire contract: Mavor *v.* Pyne, 2 Carr. & Payne 91 ; Withers *v.* Reynolds, 2 B. & Ad. 882 ; Lippincott *v.* Low, 18 P. F. Smith 314 ; Lucesco Oil Company *v.* Brewer, 16 Id. 351 ; Fessler *v.* Love, 7 Wright 313 ; 1 Story on Contracts, sect. 25 ; 1 Hilliard on Contracts 109, 110.    A rescission must be made promptly after the breach: Lawrence *v.* Dale, 1 Johns. Ch. R. 23 ; Ayres *v.* Mitchell, 3 S. & M. 683 ; McKay *v.* Carrington, 1 McLean 50 ; Fry on

Specific Perf.; Brown v. Davenport, 3 Keyes R. 472; Negley v. Lindsay, 17 P. F. Smith 217.

Mr. Justice WILLIAMS delivered the opinion of the court, October 11th 1875.

The offer of the defendants below was rightly rejected, if the evidence proposed to be given would have constituted no defence to the action. In one respect the offer was self-contradictory. It proposed to show that the contract was entire, when by its very terms, as set out in the offer, it was severable as respects its performance by both parties. The petroleum bought by the defendants was not to be delivered at one time for a single and entire consideration, to be paid when the delivery was complete, but it was deliverable monthly by the plaintiff in specified quantities, and the consideration was apportioned and payable as each delivery was made. The contract therefore was in its very nature severable: Lucesco Oil Co. v. Brewer, 16 P. F. Smith 351; and no understanding or agreement of the parties could render it entire so long as its provisions remained unchanged. If it had been entire and not severable, each monthly delivery for which it stipulated could not have been made, as it was, in the papers executed by the parties, the subject of a distinct agreement, as complete in itself as if it had been a separate and independent bargain. If the defendants sustained a heavy loss, as alleged, on each of the four lots of petroleum delivered by the plaintiff, it did not absolve them from their obligation to accept and pay for the residue, if tendered according to the terms of the contract; nor did the plaintiff's failure to make one of the deliveries operate per se as a dissolution of the contract and put an end to the rights and obligations of the parties under it. Doubtless it gave the defendants the right to recoup or set-off any damages occasioned by the breach, but none were offered to be shown; and if it gave them the right to rescind the contract, they were bound to exercise it without any unreasonable delay. It was their duty to act promptly on the occurrence or discovery of the breach, and if they were guilty of undue delay, they must be regarded as having waived their right to rescind and elected to treat the contract as still subsisting: Lawrence v. Dale, 3 Johns. Ch. R. 23; Pearsoll v. Chapin, 8 Wright 9; Negley v. Lindsay, 17 P. F. Smith 217; Leaming v. Wise, 23 Id. 173. They could not take the chance of a rise in the market-price of petroleum, and then elect to rescind the contract or not as might be most for their advantage. They were bound to make their election within a reasonable time; and what is reasonable time or undue delay where the facts are not disputed, is a question of law to be determined by the court: Leaming v. Wise, supra. Reasonableness in such cases belongeth to the knowledge of the law, and is therefore to be decided by the

[Morgan *v.* McKee.]

justices: 1 Tho. Coke Litt. 644 (52 *b*). Did the defendants then elect to rescind the contract in a reasonable time ? The petroleum was deliverable monthly, and the breach of which the complaint was made, was the plaintiff's failure to make the September delivery. They did not elect or give notice of their intention to rescind the contract until the October delivery was due and tendered by the plaintiff. The court below ruled, and we think rightly, that the delay was unreasonable. When the article is a subject of speculation, and the market-price varies with the demand and supply, if the purchasers, instead of rescinding the contract as soon as it is broken, or within a reasonable time after the occurrence of the breach, take the chance of a rise in the price, it is but equitable and just that they should be treated as having waived the right to rescind. Unquestionably a month's delay in such a case, where the delivery is to be monthly, must be regarded as unreasonable, and should be construed as an election to treat the contract as still subsisting. This view of the case makes it unnecessary to determine whether there was such a material variance between the offer and the contract declared on as to render the evidence inadmissible. If the contract, as offered to be shown, had been incorporated into one instrument or paper, instead of eight, as executed by the parties, the evidence proposed to be given would have constituted no defence to the action, and therefore its rejection did the defendants no harm.

Judgment affirmed.