# Robinson *v.* Listonburg Coal Mining Company, Appellant.

*Contract—Sale—Rescission—Damages—Performance.*

1. Where there has been substantial and bona fide performance of an entire contract, but failure in some particulars not essential to the enjoyment of the part performed, there may be a recovery of the contract price subject to the right of defendant to set off damages resulting from the breach, but if there is no evidence of such damages, there can be no set-off.

2. Where a party discovers facts which warrant rescission of his contract, it is his duty to act promptly, and in case he elects to rescind, to notify the other party without delay.   What is a reasonable time or undue delay when the facts are undisputed, is a question of law to be determined by the court.

3. Where, in an action to recover the price of a ventilating fan, it appears that two weeks prior to the delivery of the fan, plaintiff had notified the defendant of the propriety of changing the diameter of the fan so as to make it smaller, and that the defendant had acquiesced in this change, accepted the fan, and used it for one year and nine months, the plaintiff will be entitled to recover the whole contract price, where there is no evidence of a rescission of the contract, or an offer to return the fan, or any testimony from which a jury could fix with any degree of certainty any damages sustained by the defendant.

Argued May 4, 1914.   Appeal, No. 119, April T., 1914, by defendant, from judgment of C. P. Somerset Co., Sept. T., 1913, No. 78, on verdict for plaintiff in case of J. R. Robinson v. Listonburg Coal Mining Company.   Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.   Affirmed.

Trespass to recover the price of a ventilating fan.
Before RUPPEL, P. J.

At the trial the court charged as follows:

The plaintiff brings this suit to recover for the price
of a fan which he sold to the defendant.  On March 29,
1912, the parties entered into a written article of agree-
ment by which the plaintiff agreed to furnish the defend-
ant with a fan of certain dimensions; that fan was to be
delivered on the cars at Pittsburg; the defendant was to
pay the freight and any other expense incident to its
shipping.  [The specifications were written by the plain-
tiff's son, and as the plaintiff explains when he looked
over these specifications he found they did not fit the
conditions of the defendant's mine; and according to the
testimony on the part of the plaintiff, the plaintiff con-
cluded there ought to be a change in one of the dimen-
sions as set forth in their agreement; that instead of
having the fan forty-eight inches in diameter by thirty-
two inches wide, the plaintiff thought they would have
better results if the fan were reduced to twenty-seven
inches in width.  He testified that he therefore wrote
the defendant on April 1, which was three days later
than the contract is signed, stating that he had made
this change, and he thereupon ordered the fan con-
structed in accordance with this changed specification.
And he further testified that that made no difference
to him in the cost of the machine, whether it was
thirty-two inches or twenty-seven inches in width, that
it made no difference so far as the plaintiff was con-
cerned.  The defendant received that letter but made no
reply to it, remained silent until it received the machine
and until long afterwards.  The machine was not shipped
for at least three or four weeks thereafter, I mean it was
not received; the testimony is that it was shipped on
April 17, which was something over two weeks after
the plaintiff had notified the defendant that the change
would be made.  The defendant installed this machine

and used it and has been using it and keeping it in possession ever since that time doing the work at the mine.] [6] [There has never been any offer to return the machine, never any offer to rescind the contract, and there was in the first place no complaint made as to the change in the dimension.] [7]

[Now the plaintiff guaranteed that that machine would do certain work, and it is wholly immaterial whether this machine was thirty-two inches wide or whether it was twenty-seven inches wide; the plaintiff was bound to make it do its work and if it did not do its work the defendant had the right to claim damages for the difference if he held the machine. If the defendant was dissatisfied with the change, it was not bound to accept the machine; it could have refused to accept it if it was dissatisfied with the change in the machine, but having accepted it and kept it, it is bound to pay for it. If the machine did not do its work the defendant would be permitted in this action to set up any damages which it sustained by reason of the change or a failure of the machine to be according to the guaranty, but there is no averment in the pleadings in this case on part of the defendant, and there is no proof in the case by which you could measure any damages. The rule of damages in cases of this kind is that the difference between the value of the article as warranted and the real value as it is when the defendant gets it, would be the amount of damages: Seigworth v. Leffel, 76 Pa. 476; Himes v. Kiehl, 154 Pa. 190; American Home Savings Bank Co. v. Trust Company, 210 Pa. 320. There is no proof in the case whatever on that point, no allegation in the pleadings on that point, and therefore there is nothing which the court could submit to you, nothing on which the jury could base an opinion in the verdict as to the damages which the defendant has sustained by reason of the failure of the machine to do the work which it was guaranteed to do; and for that reason we shall instruct you that the plaintiff is

entitled to recover the full amount of his claim in this case.] [8]

Verdict and judgment for plaintiff for $1,107.43. Defendant appealed.

*Errors assigned* were (6–8) above instructions, quoting them.

*J. A. Berkey*, with him *C. L. Shaver*, for appellants.— The case was for the jury: Lamb v. Irwin, 69 Pa. 436; Lautner v. Kann, 184 Pa. 334; Harlow & Co. v. Homestead Borough, 194 Pa. 57; Bartlett v. Rothschild, 214 Pa. 421; Second National Bank of Pittsburg v. Hoffman, 229 Pa. 429.

The conduct of the defendant in taking possession of the machinery, setting it up and making use of it, inadequate though it was, is not a waiver of the terms of the contract binding it to take damages as a salve for the breach of contract by the plaintiff: Hartupee v. Pittsburg, 97 Pa. 107; Bryant v. Stilwell, 24 Pa. 314; Singerly v. Thayer, 108 Pa. 291; Ketterer Mfg. Co. v. Brewing Co., 22 Pa. Superior Ct. 210; Wyckoff v. Artley, 142 Pa. 467; Kelly Brick Co. v. Clay Product Supply Co., 32 Pa. Superior Ct. 408.

*Charles H. Ealy*, with him *Charles F. Uhl, Jr.*, for appellee.—The defendant accepted the fan furnished and was therefore bound to pay the plaintiff's claim in full or to prove the amount of damages suffered by failure to provide the fan contracted for: Holmes v. Chartiers Oil Co., 138 Pa. 546; Seigworth v. Leffel, 76 Pa. 476; Brown v. Foster, 108 N. Y. 387; Morgan v. McKee, 77 Pa. 228.

OPINION BY ORLADY, J., July 15, 1914:

The plaintiff submitted an offer with specifications for an engine and ventilating fan for use in the defendant's coal mine. After some correspondence between the parties relating to a change in diameter of the fan, the defendant wired on April 24, 1912, "Please hurry

up fan as much as possible." This order was subsequent to a full and clear description of the machine, and the work demanded of it by the defendant. On May 13, 1912, the superintendent of the company wrote: "We finished installation of fan on May 5th, and started it on May 6th; we had it running in good shape. I made some tests of volume of air produced and found it short of the guarantee. I believe it would be advisable for you to come out here and go over the situation with me, so that you can see for yourself what the fan is doing." It was found on examination that the fan was not properly installed, and when these defects were remedied, the defendant continued to use and operate the machinery in the place where, and for the purposes it was bought down to the time of the trial— one year and nine months later. The defense was that the change in the diameter of the fan from thirty-two to twenty-seven inches made it impossible to fulfill the guaranty. All facts in relation to these changes were well known by the defendant before the shipment by the plaintiff, and while the purchase price is stated to be $975, for which this action was instituted, the affidavit of defense admits, "The defendant would not accept the fan at the contract price, but would accept the same and pay the plaintiff at a reduction of one hundred dollars." On the trial the defense was as to the whole consideration, on the theory that the machine did not do the work it was guaranteed to perform. Both parties were permitted to offer evidence as to whether or not the fan fulfilled the guarantee contained in the written contract. It appears that the fan was shipped two weeks after the plaintiff had notified the defendant of the propriety of changing its diameter, and in which the defendant acquiesced, and after it was set up and kept in continuous use for so long a time without any changes being made or demanded by the defendant, the court was clearly right in holding that the fan as set up, was the one the defendant accepted and used

without objection.   There was no suggestion of a rescission of the contract, or a return of the property.   No testimony was offered from which a jury could fix with any degree of certainty any damages sustained by the defendant.   The court stated, "If the machine did not do its work properly, the defendant would be permitted to set up any damages which it sustained by reason of the change, or a failure of the machine to be as guaranteed, but there is no averment in the pleadings, and there is no proof by which you could measure any damages."

Under the rule laid down in Seigworth v. Leffel, 76 Pa. 476; Hime v. Kiehl, 154 Pa. 190; American Home Savings Bank v. Trust Co., 210 Pa. 320, it was proper to direct a verdict in favor of the plaintiff for the full amount of the plaintiff's claim.   The defendant is not in position to rescind the contract so as to escape its liability to pay for it.   See Farquhar v. McAlevy, 142 Pa. 233; Spiegelberg v. Karr, 24 Pa. Superior Ct. 339.   Where there has been substantial and bona fide performance of an entire contract, but failure in some particulars, not essential to the enjoyment of the part performed, there may be a recovery of the contract price subject to the right of defendant to set off damages resulting from the breach: Otis Elevator Co. v. Flanders Realty Co., 244 Pa. 186.   To ascertain the amount of such damages there was no evidence adduced on this trial.   Where a party discovers facts which warrant rescission of his contract, it is his duty to act promptly, and in case he elects to rescind to notify the other party without delay.   What is a reasonable time or undue delay when the facts are undisputed, is a question of law to be determined by the court: Zeller v. Haupt, 41 Pa. Superior Ct. 647. The evidence admitted under objection did not affect the material facts involved, and after a full and fair trial on the merits we find no reversible error to justify a reversal of the judgment.

The judgment is affirmed.