## Werbitsky *v.* Fisher, Appellant.

*Contract—Sale—Sample—Rejection of goods—Reasonable time.*

In an action brought in May, 1915, for the price of a quantity of velvet sold and delivered in December, 1913, an answer is insufficient to prevent judgment, which avers that the goods were sold by sample, and were not according to the sample, without any averment as to the quality of the sample, and that as soon as defendants discovered the inferior quality of the goods "and that the same were not according to the contract, they notified plaintiff and requested him to take them away," without any averment as to when, where or to whom the offer to return the goods was made.

Argued Dec. 2, 1915. Appeal, No. 163, Oct. T., 1915, by defendant, from order of Municipal Court, Philadelphia Co., April T., 1915, No. 564, making absolute rule for judgment for want of a sufficient answer in case of Benjamin J. Werbitsky v. Joseph C. Fisher, trading as Joseph C. Fisher & Son. Before RICE, P. J., ORLADY, HEAD, PORTER, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit to recover the price of a quantity of velvet sold and delivered.

The material portions of the answer were as follows:

1. Defendants admit that the plaintiff delivered to the defendants certain goods, wares and merchandise, in the quantities set forth in Exhibit "A" of plaintiff's statement, but aver that the said goods were sold by sample, and the defendants purchased quality No. one velvets, being velvets of the best quality and were so purchased to be used in defendants' business as costumers, and this the plaintiff well knew; but defendants aver that the

velvets so delivered by the plaintiff were not of the quality and value purchased by the defendants, but that the quality was No. two, and further that said velvets were very inferior and unsuitable for defendants' use; and in no wise according to the contract between plaintiff and defendants.

2. Further answering paragraph 1, defendants aver that as soon as they discovered the inferior quality of the said goods and that the same were not according to the contract, that they notified the plaintiff and complained to him and told him that they held said velvets for his order, and requested him to take the goods away; for the reason that the velvets were of no use whatever to the defendants in their said business, and many times thereafter they so notified him, but that plaintiff at all times has neglected and refused to take said velvets away.

*Error assigned* was order making absolute rule for judgment for want of a sufficient answer.

*Hugh Roberts,* for appellant, cited: Zeller v. Wunder, 36 Pa. Superior Ct. 1; Byrne v. Elfreth, 41 Pa. Superior Ct. 572; Gessler v. Graham, 234 Pa. 586; Watsontown Brick, Etc., Co. v. Bernard, 48 Pa. Superior Ct. 542; Miller Lock Co. v. Diehl Mfg. Co., 37 Pa. Superior Ct. 585; Gould v. Dwelling House Ins. Co., 134 Pa. 570; Southwark Mills Co. v. Slepin, 46 Pa. Superior Ct. 296.

*William M. Lewis,* with him *Harry Shapiro,* for appellee, cited: Spiegelberg v. Karr, 24 Pa. Superior Ct. 339; Tete v. Eshler, 11 Pa. Superior Ct. 224; American Watch Tool Co. v. Mfg. Co., 18 Pa. Superior Ct. 24; Louis Werner Saw Mill Co. v. Ferree, 201 Pa. 405.

OPINION BY HEAD, J., October 9, 1916:

In this action to recover the price of certain merchandise sold and delivered to the defendant, the court below made absolute a rule for want of a sufficient answer.

The defendant appeals. It appears by the copy of the plaintiff's book account, filed with his statement, the goods were sold and delivered on or about December 17, 1913. As to this date there is no dispute. Suit was begun in May, 1915. It can hardly be asserted the defendant had not ample time to know his defense when he filed his original answer on May 14, 1915. Manifestly it was insufficient to prevent a judgment. Its averments were of the most vague and general character. It did not deny the receipt of the goods. It did not aver a sale by sample. The defendant contented himself by such general statements as "The goods were not of the quality and value purchased" and the like. There is no averment as to when the alleged inferior quality of velvet was discovered nor when, how, or to whom any notice thereof was given.

On May 19th a rule for judgment was made absolute. On May 28th, as per docket entries printed, an amended answer was filed nunc pro tunc. No petition for leave to file is printed with the record nor any rule or order to open the judgment already entered. Nothing further there appears save the entry of the certiorari from this court which was filed on the same day as the amended answer. This second answer avers the sale was "by sample," but furnishes no indication as to the quality of the sample shown except by inference from the averment "The defendant purchased quality No. 1 velvets," &c. If the sale was by sample, the legal rights and obligations of the defendant were plain. In Spiegelberg v. Karr, 24 Pa. Superior Ct. 339, a case much more favorable to the defendant therein than the case at bar, ORLADY, J., thus states the law applicable in such cases: "The defendants were bound to inspect the goods within a reasonable time after receiving them, and when the defect was ascertained they were bound then either to elect to rescind the contract so far as possible or to treat it as a subsisting one, and sue on the alleged warranty. ......They were bound to make their election within a

reasonable time; and what is a reasonable time or undue delay where the facts are not disputed is a question of law to be determined by the court: Morgan v. McKee, 77 Pa. 228; Davis v. Stuard, 99 Pa. 295. The right of rescission must be exercised not only promptly, but unequivocally; mere complaints as to the quality of the goods, while exercising dominion over them inconsistent with ownership in the seller are not sufficient."

The answer of the defendant discloses no fact to indicate there was any difficulty in making a prompt inspection, and, if such inspection disclosed the goods delivered were not according to sample, in then making his election as to which of the two remedies afforded him by the law would be adopted. He does not state when he discovered the inferior quality of the goods nor when, in what manner or to whom he gave notice of the election he was compelled to make if he wished to be relieved from liability to pay. It was therefore not possible for the court below, nor is it for this court to determine whether the inspection was made within a reasonable time or whether the notice given was of that unequivocal character demanded by the many authorities referred to in the case we have cited.

We are of opinion the answer was substantially defective and that it discloses no ground for our interference with the order of the court below making absolute the rule for judgment.

Judgment affirmed.