# Wright *v.* General Carbonic Co., Appellant.

*Contract—Parol agreement—Inducement to sign contract—Evidence—Sale—Express warranty—Affidavit of defense.*

1. All negotiations between parties to a contract are merged in the agreement subsequently entered into in writing, unless there was fraud, accident or mistake, or a contemporaneous parol agreement, which caused the consummation of the bargain.

2. In an action for the purchase price of coke, an affidavit of defense is sufficient which sets up a warranty of quality made before completion of the contract, and follows with the declaration, "whereupon, in order to induce defendant to enter into said agreement, plaintiff then and there orally represented and warranted."

3. In a case such as this, where summary judgment has been entered, defendant may be given the benefit of the doubt as to whether the words of reference used related to the prior negotiations or the subsequent agreement.

*Contract—Sale—Warranty — Expressed or implied warranty — Inspection—Notice—Laches — Acceptance of goods — Affidavit of defense—Act of May 19, 1915.*

4. Under the Sales Act of May 19, 1915, section 13, paragraph 6, P. L. 543, an allegation of an express warranty does not negative the existence of an implied one, if not inconsistent therewith.

5. Where a buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill and judgment, whether he be the grower, or manufacturer, or not, there is an implied warranty that the goods shall be reasonably fit for such purpose.

6. The right under a warranty, express or implied, survives the actual acceptance of the goods sold, in the absence of other con-

siderations, which, under the Sales Act of May 19, 1915, P. L. 543, may be controlling.

7. An inspection, trial or test, to determine whether goods are of the quality warranted, must be made within a reasonable time, and the buyer is guilty of laches, precluding rescission, if he delays making such inspection for an unreasonable time.

8. Under the Sales Act the seller must be advised of the defect after the buyer "ought to have known."

9. Where the articles purchased were to be paid for the following month it would seem that inspection should be made by then, and notice given, if unsatisfactory; so also it seems that notice that much of the coke delivered was dirt should be given soon after the unloading; and, query, as to the effect of not giving notice promptly of breach of warranty as to charges for freight when the coke was shipped f. o. b. the mines.

10. An affidavit of defense setting up a breach of warranty of quality should be clear and unambiguous, and designate not only the time when the discovery of the defect in quality was made, but when, and how, notice of the fact was given to the seller.

11. An omission from the affidavit of defense cannot be supplied by possible inference from stated facts.

12. Whether the duty of notifying the vendor that the goods were unsatisfactory, has been properly performed, is ordinarily a question for the jury, but when the facts are admitted in an affidavit of defense, which must be taken as true, and must be considered as asserting as strongly as possible anything that defendant can say in its favor, the question becomes one of law for the court.

*Practice, C. P. — Pleading — Defect in statement — Motion to strike off.*

13. Where a statement of claim fails to set forth whether one of the contracts, referred to therein, was oral or written, the defect must be taken advantage of on motion to strike off the pleading complained of.

Argued May 17, 1921. Appeal, No. 8, Jan. T., 1922, by defendant, from order of C. P. No. 3, Phila. Co., Sept. T., 1920, No. 6318, making absolute rule for judgment for want of a sufficient affidavit of defense, in case of Philip E. Wright v. General Carbonic Co. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit for coke sold and delivered.   Before Mc-Michael, P. J.

The opinion of the Supreme Court states the facts.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.   Defendant appealed.

*Error assigned* was above order.

*J. Lawrence Wetherill,* of *White & Wetherill,* for appellant.—The statement of claim does not set forth a cause of action: Acme Mfg. Co. v. Reed, 181 Pa. 382; Griffin v. Metal Product Co., 264 Pa. 254; Shute v. Levin, 66 Pa. Superior Ct. 67.

The parol evidence rule has no application to this case.

Notice of the breach of warranty must be given in a reasonable time.   This is a question for the jury: Fearl v. Hanna, 129 Pa. 588; Dean v. Harrold, 37 Pa. 150.

Although the parol evidence rule has no application to the present case, the affidavit of defense brings itself within the exception, viz, that the oral inducement under which the contract is entered into may be shown where it is contemporaneous to the written contract: Gelber v. Bank, 53 Pa. Superior Ct. 155; Federal Sales Co. v. Farrell, 264 Pa. 149; Perkiomen Co. v. Bromer, 217 Pa. 263; Noel v. Kessler, 252 Pa. 244.

*Horace M. Rumsey,* with him *Hiram B. Calkins,* for appellee.—The general rules as to parol evidence apply as well to alleged oral warranties as to any other oral matter by which it is sought to contradict, vary or add to a written contract: Hershey v. Johns, 39 Pa. Superior Ct. 645; Morgan Smith Co. v. W. P. & S. Co., 221 Pa. 165; Seitz v. Refrigerating Machine Co., 141 U. S. 510.

The averment of notice is not sufficient: Werbitsky v. Fisher, 64 Pa. Superior Ct. 284.

After acceptance of the goods defendant ought to have known of the breach of warranty: Spiegelberg v. Karr, 24 Pa. Superior Ct. 339; Armour v. Produce Co., 28 **Pa.**

Superior Ct. 524; Zeller v. Haupt, 41 Pa. Superior Ct. 647; Jacobsohn v. Carey, 59 Pa. Superior Ct. 4; Werbitsky v. Fisher, 64 Pa. Superior Ct. 284.

OPINION BY MR. JUSTICE SADLER, July 1, 1921:

Plaintiff sold to the defendant, under three contracts, respectively dated July 14th, 26th, and August 30th, 1920, a number of carloads of coke. The product, described as "West Virginia Run of Ovens," was to be delivered f. o. b. at the mines; payment to be made on the 20th of the following month. Admittedly, all of the shipments were received and taken into the possession of defendant. The plaintiff received a small sum on account of the purchase price, and brought this action to recover the balance. The affidavit of defense averred the contract was entered into as the result of a warranty of the chemical composition of the material bought,—the contention being that the percentage of sulphur and ash should not exceed respectively one and twelve per cent. It further asserted that the coke, when used in the fall, was found to contain a larger proportion of these objectionable elements, as well as dirt, soft coal and ore, making the product useless for the buyer's purposes and defendant thereupon gave notice of the defect in quality to plaintiff. A counterclaim was made for damages suffered. The court below entered judgment for want of a sufficient affidavit of defense, and it is as to the correctness of the conclusion reached that our attention must be directed.

The plaintiff insisted the written orders for the various shipments were conclusive as to the understanding of the parties, and no sufficient averment was made by defendant to justify its assertion of an express warranty, in view of the rule that all negotiations between the parties were merged in the agreement subsequently entered into. This general proposition is undoubtedly correct, unless fraud, accident or mistake be alleged,—that not being attempted here,—or there is a proper assertion of

a contemporaneous parol agreement, which caused the consummation of the bargain. The qualifications suggested were plainly recognized, on entering judgment,— the court, however, being of the opinion that no such inducing cause was properly stated. With this conclusion we cannot agree. The defendant set forth that the representation in question was made before completion of the contract, but follows with the declaration, "whereupon, in order to induce defendant to enter into said agreement, plaintiff then and there orally represented and warranted." It may be that the words of reference used related to the prior negotiations, but, as averred, it sufficiently appears otherwise, and, in a case such as this, where summary judgment has been entered, the defendant may be given the benefit of the doubt on that point, if any exists. Should the evidence adduced at a trial establish the fact that the warranty was the inducing cause, clearly it must be considered, and we content ourselves with referring to the recent case of Federal Sales Co. v. Farrell, 264 Pa. 149, without calling attention to the many earlier authorities which are pertinent.

Even if no express warranty was properly averred, the facts set forth may well lead to the conclusion that one was implied. The allegation of the former, under the Sales Act, does not negative the existence of the latter, if not inconsistent therewith: Act May 19, 1915, P. L. 543, section 13, paragraph 6. The affidavit sufficiently declares knowledge on the part of the plaintiff as to the use for which the particular coke was purchased, and that the requirements of the business demanded a low percentage of sulphur and ash. "Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment [whether he be the grower, or manufacturer, or not], there is an implied warranty that the goods shall be reasonably fit for such purpose": Sales Act,

supra, section 15, paragraph 1; Griffin v. Metal Product Co., 264 Pa. 254.

The assertion of both an express and implied warranty is sufficiently set forth. This would lead to the conclusion that the case was for the jury to pass upon, were it not for another objection, which, in our opinion, justifies a summary judgment. Admittedly, the coke ordered was promptly delivered to defendant, and received by it; and there can be no doubt that the rights under a warranty, express or implied, survive the actual acceptance of the goods sold (Samuel v. Steel Co., 264 Pa. 190), in the absence of other considerations, which, under the Sales Act, may be controlling. This legislation has effected several modifications in the rules to be applied in such cases: Trimount Lumber Co. v. Murdough, 229 Mass. 254. By section 49, it is provided, "In the absence of an express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale. But if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty, within a reasonable time after the buyer knows or ought to know of such breach, the seller shall not be liable therefor."

It is to be noted that the expression of dissatisfaction is not limited to the time of discovery of the breach; if that were so, the affidavit of defense in the present case must be held to be satisfactory, for it avers that notice was given "immediately," though it is silent as to the date when this was done. But the seller must be advised of the defect after the buyer "ought to have known." "An inspection, trial or test to determine whether the goods are of the quality specified must be made within a reasonable time, and the buyer is guilty of laches precluding rescission if he delays making such inspection for an unreasonable time": 35 Cyc. 153; Pierce v. Steel Co., 184 Pa. 55.

The parties here contemplated the entire adjustment of their respective obligations practically within thirty days of the giving of the order. At the end of that period payments were to be made, and the transaction closed. This gave ample opportunity to the buyer to satisfy itself of the quality of its purchase. It is true defendant claims the coke was to be used during the fall of 1920, but nowhere does it allege that this fact was known to plaintiff. Indeed, the whole transaction negatives such a thought. In at least two of the orders, the demand was for quick and prompt deliveries, which would seem not to have been required if the material was for stock purposes. No averment is made that a previous inspection was not feasible, when the test was attempted, or when a notice of the result of it was given. Appellant impliedly admits that it was not until the last bill became due on October 20th, when it says, in its printed argument, plaintiff should have been put on inquiry as to the reasons for refusal when his overdue bills were left unpaid. If defendant made its investigation in a reasonable time, and notified plaintiff of the result, as required by the Sales Act, it is not too much to insist that this be set forth expressly in the affidavit. Omission therefrom cannot be supplied by possible inferences from the stated facts: Class v. Kingsley, 142 Pa. 636. The defendant must be presumed to have made all essential statements which could have been truthfully declared: Moore v. Luzerne County, 262 Pa. 216. As said by Judge Rice in Drovers & Mech. Nat. Bank v. Newton, 6 Kulp 193, the defendant must assert when he discovered the goods were not of the quality ordered, and when he gave notice to the vendor of that fact.

It is not unreasonable to require that a buyer exercise due diligence in inspecting the goods purchased, and in advising the seller of the result of his examination. When the article, as here, is subject to fluctuation in price, it is but fair that the vendor should be informed if the material furnished is unsatisfactory. Whether

this duty has been performed is ordinarily a question for the jury, but when we deal with facts which are admitted, since the affidavit of defense, which may be taken as true, must also be considered as asserting as strongly as possible everything that defendant can say in its favor, the question becomes one of law for the court. This has been held in many cases in Pennsylvania, of which the following are illustrations: Morgan v. McKee, 77 Pa. 228; Spiegelberg v. Karr, 24 Pa. Superior Ct. 339; Jacobsohn v. Carey, 59 Pa. Superior Ct. 4; Kessler v. Perrong, 22 Pa. Superior Ct. 578; Robinson v. Coal Mining Co., 58 Pa. Superior Ct. 140; Werbitsky v. Fisher, 64 Pa. Superior Ct. 284. We are of opinion that no sufficient averments are made in the affidavit to show that reasonable notice was given after the defendant "ought to have known" of the alleged breach of warranty, and, under the circumstances, this was a matter for the court to declare.

It is further to be noted that, though defendant alleges notice of the breach was given immediately upon discovering the defect,—time not stated,—the character of its communication is not disclosed. As in the case of rescission of contracts of sale (Wright v. Bristol Patent Leather Co., 257 Pa. 552), the notice should be clear and unambiguous, and designate not only the time when the discovery of the defect in quality was made, but when and how notice of this fact was given to the seller: Werbitsky v. Fisher, supra.

In this connection must be considered the averment that more than fourteen tons of the coke delivered was dirt. No pretense is made that plaintiff was ever informed of this, or that the fact could not have been discovered until long after unloading. Such a condition was certainly obvious when the material purchased was removed from the cars. Nor was any claim made, until this suit was brought, of any breach of warranty as to charges for freight,—a collateral matter, of which defendant had as full means of securing knowledge as had

the plaintiff.   This error must have been known at the time of the receipt of the shipments, the same having been consigned f. o. b. the mines in West Virginia, to the defendant company.

The defendant also argues that judgment, if proper under facts such as here disclosed, was not permissible in this case since the statement of.claim was insufficient in not setting forth whether one of the contracts, referred to therein, was oral or written.   This defect, if it exists, should have been taken advantage of upon motion to strike off the pleading complained of:   King v. Brillhart, 271 Pa. 301.   It is ample to sustain a judgment, if the affidavit be deemed not to set forth a sufficient defense, and we so hold.

For the reasons stated, the judgment will be sustained, though, as indicated, we do not agree with all of the legal conclusions of the learned court below.   The only assignment of error refers to the judgment entered, and it is overruled.

The judgment is affirmed.