## Ralston Purina Company v. Frantz.

*Practice—Affidavit in lieu of demurrer—Who should sign—Failure—Act of May 14, 1915.*

1. Under the Practice Act of May 14, 1915, P. L. 483, an affidavit of defence in lieu of a demurrer should be signed and sworn to by the defendant and not by his attorney, unless a reason is given why the attorney should have executed it.

2. The failure to set forth in a statement whether a contract sued upon was oral or written must be taken advantage of by motion to strike off the statement, and not by affidavit.

Rule to strike off affidavit of defence in lieu of demurrer. C. P. Lancaster Co., June T., 1921, No. 82.

*Harold G. Ripple* and *Isaac R. Herr*, for rule; *H. Edgar Sherts*, contra.

Landis, P. J., Sept. 23, 1922.—On Sept. 9, 1921, the plaintiff filed its statement of claim, in which it averred that the defendant was indebted to the plaintiff in the sum of $2005.60, with interest. The claim was for feeds and grain, and a detailed statement, showing dates, amounts and prices, as ordered and agreed upon between the parties, was attached thereto. It was alleged that the defendant would not receive the goods ordered, but canceled his contracts, and that thereby the plaintiff suffered a loss which was the difference between the price contracted and the market price upon the day of cancellation. On April 15, 1922, the plaintiff filed an amended statement, in which the amount of the loss, by reason of the cancellation of the contract, was placed at $1345.60, with interest.

In the meantime, namely, on Sept. 22, 1921, the defendant filed an affidavit of defence in lieu of demurrer, signed and sworn to by H. Edgar Sherts, attorney for Roy E. Frantz, and on Dec. 10, 1921, the plaintiff asked the court to strike off this affidavit of defence, because it was not sworn to by the defendant or some person having knowledge of the facts. This latter proposition is the one now before us.

In Wright v. General Carbonic Co., 271 Pa. 332, it was decided that a failure to state whether the contract was oral or in writing must be taken advantage of on motion to strike off the statement. The defendant's objection in the affidavit of defence was, therefore, improper.

In addition, however, counsel, and not the defendant, has signed and sworn to the affidavit of defence. In the recent case of Long v. McAllister, 38 Lanc. Law Rev. 14, this court decided that an attorney, who has no special knowledge of the facts of a case which enables him to make an affidavit of defence, and where no reason is given why the attorney makes such an affidavit or why the defendant does not make it himself, cannot make such an affidavit of defence in lieu of demurrer, and if he does so, it will be stricken off on rule.

We, therefore, make this rule absolute and strike off the affidavit of defence filed, and do permit the defendant to file a new affidavit, properly signed and sworn to, in accordance with the provisions of the Practice Act.

Rule made absolute.

From George Ross Eshleman, Lancaster, Pa.