## UNITED STATES v. DEWART MILK PRODUCTS CO., Inc.

### (District Court, M. D. Pennsylvania. July 28, 1924.)

### No. 1397.

**1. United States ⬥73—Inspection of milk under contract required to be made on delivery.**

Under Rev. St. § 3715 (Comp. St. § 6844), providing that contracts for subsistence for the army shall provide for "a complete delivery of such articles, on inspection, at such places as shall be stipulated" inspection of canned milk delivered on a contract providing for inspection "at the depot," inspection was required to be made on delivery, or at least within a reasonable time thereafter.

**2. Sales ⬥176(3)—Seller held not liable for defective quality, where not notified within reasonable time after delivery.**

Under Sales Act Pa. 1915, § 49 (P. L. 543; Pa. St. 1920, § 19697), providing that the seller shall not be liable for breach of contract or warranty unless notified within a reasonable time after the buyer knows, or ought to know, of the breach, the United States *held* not entitled to recover from a contractor furnishing canned milk to the Commissary Department of the Army, because of bad quality of the milk, which could have been discovered by inspection, where no complaint was made until ten months after delivery.

**3. Sales ⬥182(3)—Where facts are indisputed, question of reasonable time is for the court.**

Under the law of Pennsylvania, requiring the buyer to exercise due diligence in inspecting goods purchased and in advising the seller of imperfections, where the facts are undisputed, the question whether there has been unreasonable delay is one for the court.

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4. United States** ☞63—**In commercial transactions, the government is subject to same laws that govern individuals.**

In respect to its commercial transactions, the government submits itself to the same laws that govern individuals.

At Law. Action by the United States against the Dewart Milk Products Company, Incorporated. Judgment for defendant.

Andrew B. Dunsmore, of Wellsboro, Pa., and A. A. Vosburg, of Scranton, Pa., for plaintiff.

Knight & Taggart, of Sunbury, Pa., for defendant.

WITMER, District Judge. This action is brought by the plaintiff to enforce reclamation of amount paid to the defendant for canned milk furnished to the Quartermaster Corps of the United States. The milk was delivered during the latter part of March, 1918, on a contract based on a printed copy of the specifications and conditions for subsistence supplies for the United States Army Quartermaster Corps, Form 120, and upon Form 1470. A portion of the stipulations in Form 120 provides as follows:

"Reclamation will be made in conformity to generally accepted trade rules, unless otherwise specified. Provided the damaged condition resulted through fault of the seller, reclamation will be made for losses on canned meats, canned hard bread, and canned milk for one year from date of purchase."

Immediately upon receipt of the order the plaintiff made payment therefor which was accepted by the defendant. The milk was stored in the plaintiff's warehouse at Baltimore and was not inspected or tested until the following December when it was found, it is said, by the Bureau of Chemistry for the United States Department of Agriculture, that the "same was sour, coagulated, and unfit for human consumption." The plaintiff insists that such was its character or condition when shipped by the defendant company. On February 8, 1919, nearly 10 months thereafter, the plaintiff gave notice of its findings and made claim on the defendant for reclamation, based on the condition of the milk when shipped. It is the contention of the plaintiff that by the terms of the reclamation conditions recited the warranty of the milk was for a period of one year.

[1] It is evident that the stipulated period to reclaim was during the year following the sale; but, the duration of the warranty, whether for a year or a day, is not important since it is not contended that the milk soured or spoiled while in the plaintiff's possession. Plaintiff states that the milk was in this condition when delivered and this must be accepted as an established fact. Having received the milk how does the plaintiff justify its delay in making inspection? Section 3715, United States Revised Statutes (U. S. Compiled Statutes, § 6844), provides:

"Contracts for subsistence supplies for the Army, made by the Commissary General, on public notice, shall provide for a complete delivery of such articles, on inspection, at such places as shall be stipulated."

Order 1470, which forms part of the contract between the parties, stipulates:

"For stock—to be inspected at the depot."

The sale of the milk was undoubtedly an inspection and the defendant had a right to presume that such inspection was made as required, or at least within a reasonable time:

"Where not only inspection but testing is allowed the buyer either by the express terms of the contract or otherwise, the same rule of reasonableness limits the time allowed for testing." Williston on Sales, p. 836, Tasker v. Crane Co. (C. C.) 55 Fed. 449.

[2] The contract between the parties was made in Pennsylvania, and section 49 of the Sale Act of 1915 (P. L. 543; Pa. St. 1920, § 19697) provides that:

"In the absence of express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale. But if, after acceptance of the goods, the buyer fail to give notice to the seller of the breach of any promise or warranty, within a reasonable time after the buyer knows or ought to know of such breach, the seller shall not be liable therefor."

[3] If the inspection had been made within a reasonable time after delivery then the time when the plaintiff "ought to have known" of the breach of the alleged warranty, was soon after delivery in April, 1918. Notice was not given until ten months after the time plaintiff "ought to have known." Whether this was notice within reasonable time is a matter of fact for the court, the time when plaintiff brought the breach of warranty to the attention of defendant being admitted.

"The law in this state requires the buyer to exercise due diligence in inspecting goods purchased and in advising the seller of imperfections and, where the facts are undisputed, the question as to whether there has been an unreasonable delay is one of law for the court. Wright v. General Carbonic Co., 271 Pa. 332, 339." Crumden Martin Mfg. Co. v. Turner, 274 Pa. 425, 431, 118 Atl. 365, 366.

In Marmet Coal Co. v. People's Coal Co., 226 Fed. 646, 141 C. C. A. 402, it was said:

"Unless defendant gave notice of the alleged breach within a reasonable time after it knew of it, defendant has no right of action and no defense. Code Ohio, § 8429. True, the question whether delay is reasonable or unreasonable is usually one of fact, and always so where reasonable minds may draw differing inferences from the probative facts; yet where the facts are undisputed, and there is no room for differing inferences, the question becomes one of law. International Corporation v. Stadler (C. C. A. 6) 212 Fed. 378, 382, 129 C. C. A. 54."

"It is not unreasonable to require that a buyer exercise due diligence in inspecting the goods purchased, and in advising the seller of the result of his examination. When the article, as here, is subject to fluctuation in price, it is but fair that the vendor should be informed if the material furnished is unsatisfactory. Whether this duty has been performed is ordinarily a question for the jury, but when we deal with facts which are admitted, since the affidavit of defense, which may be taken as true, must also be considered as asserting as strongly as possible everything that defendant can say in its favor, the question becomes one of law for the court. This has been held in many cases in Pennsylvania, of which the following are illustrations: Morgan

v. McKee, 77 Pa. 228; Spiegelberg v. Karr, 24 Pa. Superior Ct. 339; Jacobsohn v. Carey, 59 Pa. Superior Ct. 4; Kessler v. Perrong, 22 Pa. Superior Ct. 578; Robinson v. Coal Mining Co., 58 Pa. Superior Ct. 140; Werbitsky v. Fisher, 64 Pa. Superior Ct. 284. We are of opinion that no sufficient averments are made in the affidavit to show that reasonable notice was given after the defendant 'ought to have known' of the alleged breach of warranty, and, under the circumstances, this was a matter for the court to declare." Wright v. General Carbonic Co., 271 Pa. 332, 338, 114 Atl. 517, 519.

[4] That the United States was a party to the transaction does not prevent the application of the ordinary rule of law. In Cooke et al. v. United States, 91 U. S. 398, 23 L. Ed. 237, Chief Justice Waite in delivering the opinion of the court said:

"Laches is not imputable to the government, in its character as sovereign, by those subject to its dominion. United States v. Kilpatrick, 9 Wheat. 735; Gibbons v. United States, 8 Wall. 269. Still a government may suffer loss through the negligence of its officers. If it comes down from its position of sovereignty, and enters the domain of commerce, it submits itself to the same laws that govern individuals there. Thus, if it becomes the holder of a bill of exchange, it must use the same diligence to charge the drawers and indorsers that is required of individuals; and, if it fails in this, its claim upon the parties is lost. United States v. Barker, 12 Wheat. 559. Generally, in respect to all the commercial business of the government, if an officer specially charged with the performance of any duty, and authorized to represent the government in that behalf, neglects that duty, and loss ensues, the government must bear the consequences of his neglect. But this cannot happen until the officer specially charged with the duty, if there be one, has acted, or ought to have acted. As the government can only act through its officers, it may select for its work whomsoever it will; but it must have some representative authorized to act in all the emergencies of its commercial transactions. If it fail in this, it fails in the performance of its own duties, and must be charged with the consequences that follow such omissions in the commercial world."

And concerning the matter of reasonable time the justice, in the same opinion continuing, said:

"The return [of the notes in controversy] should have been made within a reasonable time; and what is a reasonable time is always a question for the courts when the facts are not disputed. Wiggins v. Burkham, 10 Wall. 133."

Being of the opinion that notice of the breach of warranties was not within the time contemplated by law, the plaintiff cannot sustain its action. It will therefore not be necessary to give attention to the other technical matters raised by the defendant. Judgment will be entered by the clerk for the defendant.