Lang v. Fleet

*Marcu, Marcu & Marcu,* for plaintiff.

*Lee B. Sacks,* for defendants.

BOYLE, J., August 1, 1960.—This is an appeal from an order discharging a rule to open a judgment which was entered by confession.

On April 30, 1957, defendants purchased from plaintiff an ice cream freezer and a refrigeration compressor unit. A written installment sales contract was executed wherein defendants agreed to pay a total sale price of $2,160; the sum of $860 was to be paid as a down payment and the balance including finance charges was to be paid in 18 equal installments of $78.72.

Actually defendants paid only the sum of $200 at the time of receiving the freezer and compressor and made no further payments. On July 30, 1959, plaintiff caused a writ of replevin to issue in this court as of July term, 1959, no. 3911 and the equipment was seized by the sheriff and delivered to plaintiff. Defendants did not assert a lien for the money paid to plaintiff and suffered judgment in replevin to be entered against them.

Plaintiff sold the equipment for $500, the highest price then obtainable, and there is no averment by defendants that this sale was not a fair and equitable resale of the equipment in accordance with accepted commercial practices. Defendants were given credit for this sum in the assessment of damages filed by plaintiff.

Defendants filed a complaint in assumpsit in this court as of September term, 1959, no. 3198, alleging there that the equipment was defective and was wholly unusable for the purpose intended. Defendants demanded damages for the return of the down money, the cost of maintenance of the equipment while it was in the possession of defendants and the court costs incurred in defending the replevin action.

Plaintiff obtained judgment by confession pursuant to the written installment sales contract on January 4, 1960. Defendants filed a petition and rule to show cause "why the judgment should not be opened and defendants let into a defense and this matter consolidated with Bertram Fleet and Sidney Danowitz v. F. W. Lang Co., Municipal Court, September term, 1959, no. 3198". The petition avers that many efforts were made by defendants "to seek return of the equipment and a rebate of the deposit" and that defendants have a defense to plaintiff's claim as set forth in their action in assumpsit.

Plaintiff filed an answer to the petition which avers that defendants refused to permit plaintiff to remove the equipment unless plaintiff refunded the deposit of $200 which made it necessary to obtain return of the equipment by an action in replevin. The answer also denies that defendants have any defense whatsoever to plaintiff's claim and avers that the equipment was in perfect operating condition and was actually being used by defendants up until the time when it was repossessed.

Depositions were taken by defendants on March 28, 1960, and both Sidney Danowitz and Bertram Fleet testified. The testimony of defendants clearly establishes that they are not entitled to relief. It is not necessary to determine whether there was, in fact, a warranty and whether there was a breach of warranty, although it should be noted that the written installment sales contract provides that the buyer is buying the goods "as is" and no warranty, express or implied, arises apart from the instrument itself.

Both the petition to open judgment and the complaint in assumpsit are based on an alleged rescission of the contract by defendants. But the depositions establish that defendants have forfeited any right of rescission, if such right did exist in fact. About one

year after the equipment was installed defendants moved to a new location and took the equipment with them without notifying plaintiff. In May or June of 1959, defendants disconnected the compressor from the freezer and connected it to an air conditioner where it was used by defendants to operate the air conditioner until the equipment was replevied by plaintiff.

The Uniform Commercial Code of April 6, 1953, P. L. 20, sec. 2-602, provides:

"(1) Rejection of goods must be within a reasonable time after their delivery or tender. It is ineffective unless the buyer seasonably notifies the seller.

"(2) (a) After rejection any exercise of ownership by the buyer with respect to any commercial unit is wrongful against the seller."

Section 2-606 provides:

"(1) Acceptance of goods occurs when the buyer ...

"(c) does any act inconsistent with the seller's ownership; but if such act is wrongful as against the seller it is an acceptance only if ratified by him.

"(2) Acceptance of a part of any commercial unit is acceptance of that entire unit."

In the instant case, defendants exercised dominion over the compressor unit by using it to operate an air conditioner. This is completely inconsistent with the seller's ownership. The seller in this case by entering judgment for the unpaid balance ratified the sale as represented by the installment sales contract. The seller never accepted or agreed to a rescission by defendants. Therefore, under the cited provisions of the Uniform Commercial Code, the buyer is deemed to have accepted the goods and is precluded from unilaterally asserting a rescission of the sales contract.

A rescission based on breach of warranty must be made within a reasonable time and cannot be made if

the buyer exercises an act of dominion over the goods or permits the goods to be altered or changed while in his exclusive possession: Brookside Distilling Products Corporation v. Monarch Wine Company of Georgia, 367 Pa. 8; Tinius Olsen Testing Machine Co. v. Wolf Co., 297 Pa. 153; Armstrong v. Descalzi, 48 Pa. Superior Ct. 171.

Defendants contend that because they instituted an action in assumpsit to recover the down money paid and their expenses, it is mandatory that the judgment be opened so that the claim on which the judgment was based can be litigated together with their action in assumpsit. This position is untenable. In the first place, the action in assumpsit was instituted more than two years after defendant obtained possession of the equipment. Moreover, defendants failed to assert in the action in replevin a lien based on their right to rescind the contract and receive the return of the down money paid.

The Uniform Commercial Code, section 2-711, provides:

"(3) On rightful rejection or justifiable revocation of acceptance a buyer who has paid all or part of the price has a security interest in goods in his possession or control for the amount paid plus any expenses reasonably incurred in their inspection, receipt, transportation, care and custody."

Pa. R. C. P. 1082 provides:

"(b) a defendant may set forth in the answer under the heading 'New Matter' any claim secured by a lien on the property."

If defendants' position is sound, any debtor who has suffered a judgment to be entered by confession may automatically succeed in having the judgment opened merely by the expedient of instituting a separate suit

to assert the defense which he alleges he has against the claim upon which the judgment is based.

We are convinced that there is no valid defense to plaintiff's claim and, hence, we discharged defendant's rule to open the judgment.